John J. ZICHKO, Petitioner–Appellant,

v.

State of IDAHO; Larry Wright, Warden; Alan Lance, Respondents–Appellees.

No. 98–35825.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 4, 2001

Filed May 3, 2001

As Amended June 5, 2001.

Tom Kummerow, Washington Appellate Project, Seattle, Washington, for the petitioner-appellant.

L. LaMont Anderson, Office of Attorney General, Boise, Idaho, for the respondents-appellees.

Appeal from the United States District Court for the District of Idaho; Edward J. Lodge, District Judge, Presiding. D.C. No. CV 97–00206–EJL.

Before: DAVID R. THOMPSON, TROTT and PAEZ, Circuit Judges.

PAEZ, Circuit Judge:

John J. Zichko appeals from the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. He is seeking relief from the judgment of conviction entered against him on June 2, 1987, for raping his minor daughter. This appeal raises preliminarily the question of whether a habeas petitioner may challenge an underlying, expired rape conviction while in custody for failing to comply with a state sex offender registration law. We conclude that he may. Zichko alleges substantively in his habeas petition that he was denied effective assistance of counsel when his attorney failed to consult with him about appealing his initial conviction, as required by *Roe v. Flores–Ortega,* 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. Because Zichko procedurally defaulted that claim, we affirm.

### BACKGROUND

Zichko pled guilty to the charge of raping his daughter and, on June 2, 1987, the Idaho District Court sentenced him to an indeterminate period of 10 years. He did not appeal.

Zichko filed an application for post-conviction relief in the Idaho District Court on September 18, 1989, raising two grounds for relief: (1) that he received ineffective assistance of counsel; and (2) that his guilty plea was not knowingly, intelligently, and voluntarily given. Specifically, Zichko alleged that his original attorney, William V. Brown, threatened him and his family by advising that he would have to vigorously cross-examine Zichko's daughter, the alleged victim, to provide an adequate defense. Zichko also claimed that his attorney failed to fully advise him of the matters surrounding the charges and failed to raise statute of limitations and alibi defenses. Zichko and his wife testified at an evidentiary hearing before the Idaho District Court. The court denied the petition, making the following factual findings relevant to this appeal: "Zichko requested neither an appeal nor a motion to withdraw his guilty plea[,] [and] [n]o appeal was filed."

Zichko appealed to the Idaho Court of Appeals, which affirmed on procedural grounds the trial court's dismissal of Zichko's petition. The unpublished decision explained that Zichko's brief "does not specify any error with respect either to the sufficiency of the evidence to support the factual findings made by the district court or the conclusions of law applied by the court to the facts found," as required by Idaho statutory and case law. Zichko did not appeal to the Idaho Supreme Court.

On March 28, 1996, Zichko wrote a letter to the Clerk of the Idaho Supreme Court inquiring about the status of his appeal in the intermediate appellate court. The Clerk responded that the Court of Appeals had issued its decision on February 21, 1996, and that the time for filing a petition of review in the Supreme Court had expired. Zichko proceeded to file a series of motions, not relevant to this appeal, in the state courts.

Meanwhile, on May 8, 1997, Zichko filed the instant pro se petition for a writ of habeas corpus in federal district court alleging the following grounds: (1) William V. Brown's threats to Zichko and his family to coerce Zichko to plead guilty rendered Brown's representation ineffective; (2) Brown had a conflict of interest because he had previously represented a white supremacist and had ties to the tourist industry in Kootenai County; (3) Idaho District Court judge James Judd had a conflict of interest because he had ties to casino gambling and the dog track in Post Falls, which Zichko opposed; and (4) Zichko was deprived of a preliminary hearing on a superseding charge.

The district court granted the state's motion to dismiss the petition on July 16, 1998. Of relevance for this appeal is Zichko's first ground for relief, ineffective assistance of counsel. The district court held that Zichko had procedurally defaulted the ineffective assistance of counsel claim by failing to present it to the Idaho Supreme Court. The court then held that Zichko had failed to show the requisite "cause and prejudice" necessary to overcome the procedural default. In October 1998, the district court denied Zichko's request for a certificate of appealability ("COA").

On January 25, 1999, however, we granted Zichko a COA on a single issue: whether remand is necessary for the district court to determine whether Zichko consented to his trial counsel's failure to file a notice of appeal from the judgment of a conviction, as required by *Lozada v. Deeds*, 964 F.2d 956 (9th Cir.1992), and *United States v. Stearns*, 68 F.3d 328 (9th Cir.1995). Zichko now relies on the Supreme Court's more recent decision in *Flores–Ortega*, which abrogated *Lozada*

and *Stearns* and limited trial counsel's duty in this regard.

## STANDARD OF REVIEW

■ We review a district court's decision dismissing a 28 U.S.C. § 2254 habeas petition de novo. *Bribiesca v. Galaza,* 215 F.3d 1015, 1018 (9th Cir.2000). But under the Anti–Terrorism and Effective Death Penalty Act of 1996, we may grant habeas relief to a person in state custody only if the claimed constitutional error "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

■ The district court's factual findings are reviewed for clear error. *Lopez v. Thompson,* 202 F.3d 1110, 1116 (9th Cir. 2000) (en banc). The state court's determination of the facts is presumed to be correct. 28 U.S.C. § 2254(e)(1).

## DISCUSSION

### A. JURISDICTION

■ The first issue we confront is whether the district court had jurisdiction over Zichko's petition. For a federal court to have jurisdiction over a habeas petition filed by a state prisoner, the petitioner must be "in custody." *See, e.g., Brock v. Weston,* 31 F.3d 887, 888 (9th Cir.1994). "The general rule concerning mootness has long been that a petition for habeas corpus becomes moot when a prisoner completes his sentence before the court has addressed the merits of his petition." *Larche v. Simons,* 53 F.3d 1068, 1069 (9th Cir.1995) (citing *Robbins v. Christianson,* 904 F.2d 492, 494 (9th Cir.1990)).

■ In this case, Zichko was released from prison on his original rape conviction in March 1994. His original 10–year sentence would have ended on June 1, 1997, less than a month before he filed his habeas petition in district court. The district court never addressed the merits of Zichko's petition; instead, it dismissed the petition on procedural grounds on July 16, 1998, more than a year after the sentence would have been completed had he been incarcerated for the full 10 years.

Zichko was, however, incarcerated for failing to register as a sex offender as required by Idaho law, Idaho Code §§ 18–8301—18–8326, at the time he filed his habeas petition and at the time it was dismissed by the district court. Several times, we have held that merely being subject to a sex offender registry requirement does not satisfy the "in custody" requirement after the original rape conviction has expired. *See, e.g., McNab v. Kok,* 170 F.3d 1246 (9th Cir.1999); *Williamson v. Gregoire,* 151 F.3d 1180 (9th Cir.1998). In none of our previous cases, however, was the petitioner actually incarcerated for failing to register. In contrast, in this case of first impression, Zichko was incarcerated at all relevant times.

■ "It is well settled that a habeas corpus petitioner meets the statutory 'in custody' requirements when, at the time he files the petition[ ] . . . he is in custody pursuant to another conviction that is positively and demonstrably related to the conviction he attacks." *Carter v. Procunier,* 755 F.2d 1126, 1129 (5th Cir.1985). Zichko was subject to Idaho's registration requirement only because of his initial rape conviction. We now hold that a habeas petitioner is "in custody" for the purposes of challenging an earlier, expired rape conviction, when he is incarcerated for failing to comply with a state sex offender registration law because the earlier rape conviction "is a necessary predicate" to the failure to register charge. *Brock,* 31 F.3d at 890 (holding that the habeas petitioner

could challenge an earlier, expired conviction while involuntarily committed for treatment as a violent sexual predator). The Supreme Court's recent decision in *Lackawanna County Dist. Atty. v. Coss,* 121 S.Ct. 1567 (2001), is not to the contrary. There, the Supreme Court held that "if a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant ... may not collaterally attack his prior conviction through" a habeas petition related to his current conviction. *Id.* at 1573; *see also Daniels v. United States,* 121 S.Ct. 1578, 1583 (2001) (same). But before reaching that holding, the Court also held that the petitioner was "in custody" for jurisdictional purposes because he alleged that the earlier, unconstitutional conviction had enhanced his later sentence. *Lackawanna County,* 121 S.Ct. at 1573. Similarly, here, Zichko's current conviction for failing to register is allegedly the product of an unconstitutional prior conviction. The district court, therefore, had jurisdiction over Zichko's claim.

Because we now hold that Zichko's claim is procedurally defaulted, we do not address whether we are barred from reaching the merits of his habeas petition by the *Lackawanna County* decision or whether his claim is covered by an exception to that rule.

**B.   PRESENTATION TO THE DISTRICT COURT**

■ The State of Idaho first argues that we may not consider this claim, that Zichko was denied ineffective assistance of counsel when attorney Brown did not appeal the initial conviction, because Zichko did not present it to the district court. It is true that " '[h]abeas claims that are not raised in the petition before the district court are not cognizable on appeal.' " *Selam v. Warm Springs Tribal Corr. Facility,* 134 F.3d 948, 952 (9th Cir.1998) (quoting *Belgarde v. Montana,* 123 F.3d 1210, 1216 (9th Cir.1997)).

■ Zichko did raise an ineffective assistance of counsel claim in the United States district court. The specific factual bases for that claim were that Attorney Brown:

> threatened my family to get a bogus guilty plea ...[;] [h]e did not check into exculpatory evidence ...[;] [h]e entered a bogus stipulation in a child protection case that was somehow used in a child protection case ...[;] [he] would not tell me just what it was that was "adjudicated to" at the 1987 criminal case trial, which put the sex offenders jacket on me[;] ... [and he] was on medication for his terminal cancer and had mood-swings.

Zichko did not specifically identify the failure to appeal as one of the grounds for an ineffective assistance of counsel claim. However, we have a "duty ... to construe pro se pleadings liberally." *Hamilton v. United States,* 67 F.3d 761, 764 (9th Cir. 1995) (citing *Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (quotation omitted)). This rule particularly applies to complaints and motions filed by pro se prisoners. *See, e.g., United States v. Seesing,* 234 F.3d 456, 462–63 (9th Cir.2000).

Zichko did allege that his attorney had failed to communicate with him at times, a concern in which the *Flores–Ortega* decision was grounded. 528 U.S. at 480, 120 S.Ct. 1029 (holding that "counsel has a constitutionally-imposed duty to consult with the defendant about an appeal" in certain circumstances) (emphasis added). And elsewhere in the petition, Zichko claimed that his "public defender said he would appeal the case but he did not, as he told a Presbyterian minister he would ap-

peal. . . ." Given our duty to read Zichko's petition liberally, these two statements are sufficient to establish that Zichko did raise the claim in his federal habeas petition. The district court could have looked to the entire petition to see if the ineffective assistance of counsel claim had any merit; had it done so, the court would have found the allegation that Brown failed to appeal. *Cf. Selam*, 134 F.3d at 952 (reaching the merits of the petitioner's claim because he "did raise his sexual abuse conviction in his habeas petition, although not as clearly as he might have") (emphasis in original). Zichko's ineffective assistance of counsel claim under *Flores–Ortega* was thus adequately presented to the district court.

## C. Procedural Default

Next, the state argues that Zichko procedurally defaulted this claim, when his brief to the state appellate court did not comply with the proper form and when he did not subsequently appeal to the Idaho Supreme Court. We agree.

■■■■ The intermediate appellate court's denial of Zichko's petition for post-conviction relief is a procedural bar to our consideration of his claim. The independent and adequate state ground doctrine "applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." *Coleman v. Thompson*, 501 U.S. 722, 729–730, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (citing *Wainwright v. Sykes*, 433 U.S. 72, 81, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Ulster County Court v. Allen*, 442 U.S. 140, 148, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979)). "For a state procedural rule to be 'independent,' the state law basis for the decision must not be interwoven with federal law." *LaCrosse v. Kernan*, 244 F.3d 702, 703 (9th Cir.2001) (as amended) (citing *Michigan v. Long*, 463 U.S. 1032, 1040–41, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983); *Harris v. Reed*, 489 U.S. 255, 265,

109 S.Ct. 1038, 103 L.Ed.2d 308 (1989)). In this case, the Idaho Court of Appeals relied entirely on state procedural rules in affirming the denial of Zichko's petition for post-conviction relief. In its opinion, the court did not mention Zichko's federal claims, or any aspect of federal procedural or substantive law.

■■■■ With regard to the adequacy prong, in order "to support a finding of procedural default, a state rule must be clear, consistently applied, and well-established at the time of petitioner's purported default." *Petrocelli v. Angelone*, 242 F.3d 867, 875 (9th Cir.2001). In holding that Zichko defaulted his claim by failing to specify any error in the trial court's findings of fact or conclusions of law, the Idaho appellate court relied on Idaho App. R. 35(a)(4) and (6), which require appellate briefs to include:

> [a] list of issues presented on appeal, expressed in the terms and circumstances of the case. . . . The issues shall fairly state the issues presented for review. . . . The argument shall contain the contentions of the appellant with respect to the issues presented on appeal, the reasons therefor, with citations to the authorities, statutes and parts of the transcript and record relied upon.

Idaho appellate courts have been relying on these provisions for many years, including in cases before Zichko's original conviction, to reject appeals. *See, e.g., Cox v. Mountain Vistas, Inc.*, 102 Idaho 714, 639 P.2d 12, 17 (1981); *Drake v. Craven*, 105 Idaho 734, 672 P.2d 1064, 1066 (Ct.App. 1983). Zichko has not argued that the rule has not been consistently applied, and we find no evidence that it has not been. Therefore, by failing to comply with Idaho's clear and well-established rule of appellate procedure, Zichko procedurally defaulted his claim.

■■■■ We also find that Zichko procedurally defaulted his claim by failing to

appeal his state post-conviction petition to the Idaho Supreme Court. A habeas petitioner must present his claims to the state's highest court in order to satisfy the exhaustion requirement of 28 U.S.C. §§ 2254(b)(1) and (c). *O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). Zichko's failure to present the ineffective assistance of counsel claim to the Idaho Supreme Court "in a timely fashion has resulted in a procedural default of those claims." *Id.* at 848, 119 S.Ct. 1728 (citing *Coleman,* 501 U.S. at 731–32, 111 S.Ct. 2546).

Zichko has not attempted to demonstrate cause and prejudice or to make a showing of actual innocence to overcome the procedural default. *See Kibler v. Walters,* 220 F.3d 1151, 1153 (9th Cir.2000) (as amended) (quoting *Wells v. Maass,* 28 F.3d 1005, 1008 (9th Cir.1994)). Rather, he argues that a state procedural rule may not deprive him of what he contends is his constitutionally-guaranteed right to appeal. The case upon which he relies for that proposition, *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), has been abrogated by subsequent Supreme Court decisions. *See Coleman,* 501 U.S. at 745, 111 S.Ct. 2546 ("Our cases after *Fay* that have considered the effect of state procedural default on federal habeas review have taken a markedly different view of the important interests served by state procedural rules."). Today, even in cases where a petitioner has "defaulted his entire state collateral appeal[,] ... federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that the failure to consider the federal claim will result in a fundamental miscarriage of justice." *Id.* at 749–50, 111 S.Ct. 2546.

We agree with the district court that Zichko defaulted his ineffective assistance of counsel claim, and we decline to reach the merits of his habeas petition.

AFFIRMED.