*27 MEMORANDUM **
Brian Douglas Carey seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 following his state convictions for multiple counts of insurance fraud, presenting a fraudulent claim, and attempted grand theft of personal property. Carey argues that state court instructional errors and a Brady violation provide him with grounds for relief. We disagree and affirm.
We review de novo a district court’s decision to deny a § 2254 petition.[1] Carey’s petition comes under the AEDPA, and he must therefore show that the state court proceedings on the merits “resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States” or “resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.”[2] We presume facts found by the state court to be true unless the petitioner rebuts this presumption with clear and convincing evidence.[3] Harmless error analysis applies.[4]
Carey first argues that the state court committed constitutional error when it instructed the jury that, under California law, “no person may operate a surgical clinic which is not licensed by the state.” Carey argues that he fell within an exemption to this requirement, and that the trial court erred by failing to so instruct the jury. On direct appeal, however, the California Court of Appeal affirmed the trial court’s decision, noting that “the instruction was given for the very limited purpose of aiding the jury in determining the relative qualifications and credibility of both the prosecution’s and the defense’s experts,” and the California Supreme Court summarily affirmed the California Court of Appeal. These instructions were thus deemed correct under California law, and “it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.”[5] We must defer to state court interpretations of state law unless the interpretation violates due process, and “the fact that [an] instruction was allegedly incorrect under state law is not a basis for habeas relief.”[6]
Carey next argues that the prosecution violated Brady v. Maryland[7] because it did not inform him that it had contacted a witness, Harry Furuya, whose opinion was favorable to Carey on the licensing issue. We agree with Carey that the prosecutor was obligated to produce this Brady material, but there is not “a reasonable probability that the suppressed evidence would have produced a different verdict.”[8] It was of both limited force and *28 questionable admissibility, and bore only on a collateral and peripheral issue. Therefore, under Strickler v. Greene there was not “strictly speaking ... a real ‘Brady violation.’ ”[9]
Carey’s last argument is that the trial court erred when it instructed the jury that it could consider discovery violations committed by the defense when evaluating the quality of its proffered evidence. We grant habeas relief on the basis of instructional error only where the instruction was “not merely ... undesirable, erroneous, or even ‘universally condemned,’ ” but “so infected the entire trial that the resulting conviction violates due process.” [10] Because of the defense discovery violations, the trial judge could have prevented some of Carey’s witnesses from testifying at all. His decision to inform the jury, instead, that it could consider these violations was within his discretion and did not violate due process.
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36-3.

. See Alvarado v. Hill, 252 F.3d 1066, 1068 (9th Cir.2001).

. 28 U.S.C. § 2254(d) (2002); Williams v. Taylor, 529 U.S. 362, 403-04, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

. 28 U.S.C. § 2254(e)(1); see also Zichko v. Idaho, 247 F.3d 1015, 1019 (9th Cir.2001).

. See Calderon v. Coleman, 525 U.S. 141, 145, 119 S.Ct. 500, 142 L.Ed.2d 521 (1998); Dillard v. Roe, 244 F.3d 758, 773-74 (9th Cir.2001).

. Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).

. McGuire, 502 U.S at 71-72.

. 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

. Strickler v. Greene, 527 U.S. 263, 281, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999).

. Id.

. Cupp v. Naughten, 414 U.S. 141, 146-47, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973).