**Clifton Lee BRANCH, Petitioner—Appellant,**

**v.**

**Diane BUTLER, Warden; Bill Lockyer, Attorney General, Respondents—Appellees.**

**No. 01–56106.**

**D.C. No. CV–00–08301–MMM(SGL).**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 7, 2002.

Decided Aug. 19, 2002.

Before T.G. NELSON, PAEZ, and TALLMAN, Circuit Judges.

MEMORANDUM *

Clifton Branch appeals the district court's denial of his habeas corpus petition. Branch claims that the court erred by relying on the state court minute order, which stated that Branch had withdrawn his motion for substitution of counsel. We reverse the district court and remand to allow the court to order the appropriate relief under Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.

Branch disputes that he withdrew his *Marsden* motion at the January 6th pretrial proceeding. In his habeas traverse to the district court, he stated that "[t]here is an error of the minute order and with sufficient transcripts before this court, this court would determine that Petitioner never ... withdrew any Marsden motion in open court or any other court." Neither party, however, produced the transcript of the January 6th proceeding and the district court did not order its production. It was only after we ordered the Attorney General to produce the transcript that the Attorney General revealed that no transcript of the proceeding existed.

Under Rule 5 of the Rules Governing Section 2254 Cases, the answer to a habeas petition must indicate what transcripts are available and what proceedings have been

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

recorded but not transcribed. In addition, the Government must attach to its answer any portions of the transcript it deems relevant. The court, either on its own motion or upon request of the petitioner, may order that further portions of the transcript be furnished or that certain portions of the non-transcribed proceedings be transcribed and furnished. Finally, if a transcript is neither available nor procurable, a narrative summary of the evidence may be submitted.

■ We hold that both the Attorney General and the district court failed to comply with Rule 5. The Attorney General erred by not stating in its answer that the transcript from the January 6th proceeding was unavailable. It also erred by not attaching to its answer a narrative summary of the January 6th proceeding because evidence of what occurred at that proceeding is relevant to deciding whether Branch withdrew his *Marsden* motion.

■ After reading Branch's traverse, the district court erred by not ordering the Attorney General to furnish the transcript. Branch's traverse, construed liberally,[1] requested the court to order the transcript. Such evidence would resolve the dispute concerning the accuracy of the minute order. The minute order cannot stand alone as sufficient evidence that Branch withdrew his motion when Branch challenged the accuracy of the order and requested that the court look at the record. We remand for the district court to order the appropriate relief under Rule 5 of the Rules Governing Section 2254 Cases.

REVERSED and REMANDED.

---

1. Courts must construe pro se habeas petitions liberally. *Zichko v. Idaho,* 247 F.3d