**Arthur F. BOLGREN, Petitioner–Appellant,**

v.

**Terry STEWART, Director, Respondent–Appellee.**

No. 00–17265.

D.C. No. CV–97–00747–ROS.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 9, 2002.*

Decided Sept. 16, 2002.

Before HUG, O'SCANNLAIN, and TASHIMA, Circuit Judges.

MEMORANDUM **

Arthur F. Bolgren appeals pro se the district court's order dismissing his 28 U.S.C. § 2254 petition as procedurally barred because he did not raise his prosecutorial misconduct and jury instruction claims on direct appeal. We have jurisdiction pursuant to 28 U.S.C. § 2254. We review de novo, *see Zichko v. Idaho,* 247 F.3d 1015, 1019 (9th Cir.2001), and we affirm.

The Arizona Court of Appeals found Bolgren's prosecutorial misconduct and jury instruction claims precluded under Ariz.Crim. P. 32.2 because Bolgren failed to raise them on direct appeal. Unless a petitioner can show cause and prejudice for his procedural default or a fundamental miscarriage of justice resulting from the alleged constitutional violation, a federal court is barred from reviewing a claim that the state court declined to address as a result of a prisoner's failure to meet a state procedural requirement. *See Coleman v. Thompson,* 501 U.S. 722, 729–30, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

Bolgren contends that he should be excused from any procedural default arising from his appellate counsel's failure to raise his claims in state court. Because Bolgren did not raise this claim in his district court habeas petition, the argument is waived. *See Zichko,* 247 F.3d at 1020. Even if Bolgren had properly raised this contention in the district court, we would be precluded from considering it because Bolgren has not raised a claim for ineffective assistance of appellate counsel in any state proceeding. *See Tacho v. Martinez,* 862 F.2d 1376, 1381 (9th Cir.1988) (stating that exhaustion doctrine requires petitioner alleging ineffective assistance of appellate counsel as cause for procedural default must first raise the claim separately in state court). Because Bolgren cannot show cause for his procedural default, the district court properly concluded that it was barred from considering his claims and dismissed Bolgren's § 2254 petition.

**AFFIRMED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.