**William E. BARNES, Plaintiff— Appellant,**

v.

**Officer MCLELLAN, et al., Defendants—Appellees.**

**No. 01–56328.**

**D.C. No. CV–99–00695–MJL.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2003.[*]

Decided Jan. 15, 2003.

---

5. *United States v. Merino–Balderrama,* 146 F.3d 758, 761 (9th Cir.1998).

6. *Id.* at 762–63.

7. *See United States v. Williams,* 291 F.3d 1180, 1189 (9th Cir.2002).

8. 987 F.2d 599, 602–03 (9th Cir.1993).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before BEEZER, KLEINFELD, and PAEZ, Circuit Judges.

MEMORANDUM**

William Barnes appeals pro se the district court's summary judgment in his 42 U.S.C. § 1983 action alleging excessive force. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment based on qualified immunity, *Jackson v. City of Bremerton*, 268 F.3d 646, 650 (9th Cir.2001), and we affirm.

The district court properly concluded that it lacked jurisdiction to consider Barnes' Fed.R.Civ.P. 60(b) motion, because Barnes filed this motion more than ten days after he filed his notice of appeal. *See* Fed. R.App. P. 4(a)(4)(A)(vi); *Carriger v. Lewis*, 971 F.2d 329, 332 (9th Cir.1992) (en banc).[1]

Because Barnes presented no evidence showing that Officer McLellan's use of a carotid hold to restrain him was objectively unreasonable under the circumstances, the facts taken in the light most favorable to Barnes do not establish a Fourth Amendment violation. *See Jackson*, 268 F.3d at 651–53 (applying reasonableness factors delineated in *Graham v. Connor*, 490 U.S. 386, 396–97, 109 S.Ct. 1865, 104

L.Ed.2d 443 (1989), to conclude that officers did not use excessive force).

Accordingly, the district court properly concluded that the defendants are entitled to qualified immunity. *See Jackson*, 268 F.3d at 653.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Barnes' opening brief requests only that we remand this case to the district court to decide his pending Rule 60(b) motion. We deny this request because Barnes failed to follow the proper procedure for remand. *See Carriger*, 971 F.2d at 332 (noting that an appellant should file a motion asking the district court whether it is willing to entertain a Rule 60(b)

motion, and subsequently move this court to remand the case). We liberally construe the appeal, however, to also challenge the merits of the summary judgment. *See, e.g., Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir.2001) (discussing principle of liberal construction of pro se pleadings and motions).

