**Alphonso BELL, Petitioner–Appellant,**

v.

**David ROE, Warden, Respondent–Appellee.**

No. 02–16007.

D.C. No. CV–01–00940–MJJ.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 13, 2003.*

Decided Feb. 19, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before SILVERMAN and GOULD, Circuit Judges and SEDWICK, Chief District Judge.**

### MEMORANDUM***

Alphonso Bell ("Bell") appeals the district court's denial of his petition for a writ of habeas corpus and denial of his request for an evidentiary hearing. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review *de novo* the district court's denial of Bell's petition. *Benn v. Lambert,* 283 F.3d 1040, 1051 (9th Cir.2002); *Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir.1999). Findings of fact made by the district court are reviewed for clear error. *Killian v. Poole,* 282 F.3d 1204, 1207 (9th Cir.2002). State court findings of fact are presumed to be correct unless petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Zichko v. Idaho,* 247 F.3d 1015, 1019 (9th Cir.2001). We may affirm the district court's decision on any ground supported by the record even if it differs from the rationale of the district court. *Paradis v. Arave,* 240 F.3d

1169, 1175–76 (9th Cir.2001). The district court's decision not to conduct an evidentiary hearing on an ineffective assistance of counsel claim is reviewed for abuse of discretion. *United States v. Christakis,* 238 F.3d 1164, 1168 (9th Cir.2001). We affirm the district court's decision.

### I. Ineffective Assistance of Counsel

■ A defendant claiming ineffective assistance of counsel must demonstrate both that counsel's performance was deficient and that he was prejudiced by the deficient performance. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Bell argues that he was denied his right to effective assistance of counsel because his attorney failed to produce evidence of a driving experiment. The driving experiment shows that one cannot drive at the posted speed limit from the scene of the crime to a Walgreen's where Bell made a purchase in the time between the incident and the time shown on his Walgreen's receipt. However, the attorney's decision not to introduce the driving experiment was a strategic choice. The driving experiment could have been attacked to defendant's detriment by simply showing that the experiment was dependent on not exceeding the posted speed limit, when at the hour of the day involved traffic generally traveled faster than the posted limit.

Bell presents no evidence to overcome the presumption that counsel's strategic choice was reasonable. None of the cases upon which Bell relies proves his point. Rather, all the cases concern an entirely different situation—one where the attorney failed to conduct any investigation into a potentially valid alibi defense. *See*

** The Honorable John W. Sedwick, Chief United States District Judge for the District of Alaska, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); *Brown v. Myers*, 137 F.3d 1154, 1156 (9th Cir.1998); *People v. Shaw*, 35 Cal.3d 535, 538–42, 198 Cal.Rptr. 788, 674 P.2d 759 (1984). Furthermore, Bell cannot demonstrate that he was prejudiced by his attorney's decision because of the likelihood of impeachment based on the experiment's adherence to the speed limit.

Bell next argues that he was denied his right to effective assistance of counsel because his attorney failed to introduce evidence that the Walgreens that issued the receipt was located close to his home. However, there was never any dispute that the Walgreens was near his home. What's more, a defense witness did testify concerning the location of the Walgreens and its proximity to Bell's home. The defense attorney's conduct was not deficient in this respect.

■ Finally, Bell argues that he was denied his right to effective assistance of counsel because his attorney failed to move to suppress the victim's identification of Bell at a show-up conducted the night of the robbery. Because the identification procedures used did not violate Bell's due process rights, the attorneys' failure to move to suppress was not unreasonable. An identification procedure violates due process where it is "so unduly suggestive as to give rise to a substantial likelihood of mistaken identification." *United States v. Jones*, 84 F.3d 1206, 1209 (9th Cir.1996) (citing *Neil v. Biggers*, 409 U.S. 188, 198, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972)). Whether a particular identification procedure is impermissibly suggestive is determined by considering the "totality of the circumstances." *Id.*; *United States v. Bagley*, 772 F.2d 482, 492 (9th Cir.1985).

Bell argues that the victim's show-up identification was unduly suggestive because the victim previously viewed photographs, the police commented that Bell was the man who was the registered owner of the car bearing the license plate number that she provided, and Bell was the only person shown. None of these considerations, nor all together resulted in a due process violation. The cases upon which Bell relies are easily distinguishable. *See United States v. Montgomery*, 150 F.3d 983, 992 (9th Cir.1998) (police showed individual photos of the suspect and faxed the witness a photograph so he could confirm); *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968) (showing single suspect's photograph but, nevertheless, concluding it was not unnecessarily suggestive). Here, by contrast, the police showed the victim an array of photos which included one of Bell. The mere fact that it was a show-up does not render the identification unduly suggestive. *United States v. Kessler*, 692 F.2d 584, 585 (9th Cir.1982) (concluding show ups are permissible and do not violate the constitution unless the procedure used is impermissibly suggestive). Bell's reliance on out-of-circuit case law holding otherwise, is unavailing. Moreover, the record demonstrates that the victim's identification of Bell was reliable in light of her opportunity to view the robber, her degree of attention, and the consistency of her description.

## II. Evidentiary Hearing and Investigative Fees

■ Bell also contends that the district court erred when he denied Bell's request for an evidentiary hearing and investigative fees on his ineffective assistance of counsel claim. On the contrary, the district court's decision was appropriate because Bell did not make the required showing under the statute, 28 U.S.C. § 2254(e). Bell made no argument that the factual issues not developed in state

court—such as those concerning the accuracy of the times on the ATM and Walgreens receipt—could not have been developed or were not discoverable. His reliance on *Williams* is misplaced because the court in that case emphasized that a defendant must meet the statutory requirements. 529 U.S. at 420. Once the evidentiary hearing was denied, his request for investigative fees was moot.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.