**Douglas F. DUSTIN, Petitioner—Appellant,**

v.

**Ana RAMIREZ–PALMER, Warden; People of the State of California ex rel. Bill Lockyer; Attorney General of the State of California, Respondents—Appellees.**

No. 02–56029.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 3, 2003.

Decided June 27, 2003.

Before: THOMPSON, TROTT, and TALLMAN, Circuit Judges.

## MEMORANDUM *

We have jurisdiction to hear this appeal from the district court's denial of Dustin's habeas corpus petition. 28 U.S.C. § 2253. We review de novo, pursuant to 28 U.S.C. § 2254, a district court's denial of a state prisoner's habeas petition. *Benn v. Lambert*, 283 F.3d 1040, 1051 (9th Cir.2002) (citing *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999)), *cert. denied*, 537 U.S. 942, 123 S.Ct. 341, 154 L.Ed.2d 249 (2002).

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

We presume the state court's factual determinations are correct unless the petitioner rebuts this presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1) (2000); *Zichko v. Idaho,* 247 F.3d 1015, 1019 (9th Cir.2001).

Because the state court's decision did not result "in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," we deny Dustin's petition. *See* 28 U.S.C. § 2254(d); *Early v. Packer,* 537 U.S. 3, 123 S.Ct. 362, 364, 154 L.Ed.2d 263 (2002) (per curiam).

■ The state appellate court determined that the jailhouse interviews by the two psychiatrists and the psychologist were conducted in response to Dustin's suicide threats and not to provide law enforcement with incriminating information. Given that Dustin placed his mental state in issue at trial, it was not an unreasonable application of clearly established federal law to allow the State to use these interviews to rebut Dustin's sanity defense. *See, e.g., Penry v. Johnson,* 532 U.S. 782, 794–95, 121 S.Ct. 1910, 150 L.Ed.2d 9 (2001).

■ The state trial court did not err in failing to order an additional competency examination or hold a competency hearing prior to Dustin's waiver of his right to trial by jury. Dustin had been determined competent just two months prior to his jury trial waiver. He submitted no evidence that his competency had deteriorated in the interim, nor did his behavior raise any doubt that he was competent to stand trial or waive his constitutional rights. *See Sandgathe v. Maass,* 314 F.3d 371, 379 (9th Cir.2002); *Hernandez v. Ylst,* 930 F.2d 714, 718 (9th Cir.1991).

Dustin's trial counsel was not ineffective for failing to request an additional competency examination or hearing before Dus-

tin waived his right to a jury trial. There was no basis for such a request.

■ Dustin's remaining claims of ineffective assistance of trial and appellate counsel also lack merit. Minor portions of the record from prior trials and proceedings were missing at the time the court conducted the bench trial, and Dustin's counsel failed to call this to the court's attention. But the only missing portions that were admissible into evidence were portions of the record of the retrial of the sanity phase of the case, and the bench trial judge had presided over that phase. Accordingly, the omission of portions of the record, the failure of Dustin's counsel to call that omission to the attention of the bench trial court, the failure to ensure that the missing portions were produced at the bench trial, and the failure of appellate counsel to identify missing portions of the record and raise issues pertaining thereto did not prejudice Dustin. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ("[D]efendant must show that the [alleged] deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."). Dustin fails to satisfy the prejudice prong of *Strickland.*

■ Dustin also contends that, because portions of the record were missing when the court conducted the bench trial, his waiver of a jury trial was invalid. We disagree. The missing portions of the record were inconsequential. Dustin received the bench trial to which he was entitled and which he sought by his jury trial waiver. He may have misapprehended how the bench trial would be conducted, but a court is permitted to accept waivers of "various constitutional rights, despite various forms of misapprehension under which a defendant might labor." *United*

*States v. Ruiz,* 536 U.S. 622, 630–31, 122 S.Ct. 2450, 153 L.Ed.2d 586 (2002) (collecting cases).

Finally, Dustin has made no showing sufficient to support his claim for an evidentiary hearing in the district court. *See* 28 U.S.C. § 2254(e)(2) (2000).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.