Melvin L. EDDINGTON, Jr.,
Petitioner–Appellant,

v.

Don HILL, Superintendent,
Respondent–Appellee.

No. 99–15368.
D.C. No. CV–96–06067–REC.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 11, 2003.

Decided Oct. 16, 2003.

As Amended on Denial of Rehearing and Suggestion for Rehearing En Banc Dec. 22, 2003.

Ann C. McClintock, Appointed Fed. Public Defender, Rachelle Barbour, FPDCA–Federal Public Defender's Office, Sacramento, CA, Melvin L. Eddington, Jr., pro se, Calipatria, CA, for Petitioner–Appellant.

Robert R. Anderson, Deputy Atty. Gen., Attorney General's Office, John Gerald McLean, Sacramento, CA, for Respondent–Appellee.

Before O'SCANNLAIN, TASHIMA, Circuit Judges, and MATZ,* District Judge.

* The Honorable A. Howard Matz, United States District Court Judge for the Central District of

## MEMORANDUM**

Petitioner Melvin L. Eddington, Jr., asserts that the district court wrongfully denied his habeas petition, which alleged that his due process rights were violated when certain jurors learned that a co-defendant had pled guilty to rape and been sentenced to a term of imprisonment.[1] Because the relevant facts are known to the parties they are not repeated here.

The district court's decision to grant or to deny a 28 U.S.C. § 2254 habeas petition is reviewed de novo. *Benn v. Lambert,* 283 F.3d 1040, 1051 (9th Cir.2002). Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petitioner must demonstrate that the state court's adjudication of the merits "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *see Penry v. Johnson,*

532 U.S. 782, 792–93, 121 S.Ct. 1910, 150 L.Ed.2d 9 (2001). State court findings of fact are presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Zichko v. Idaho,* 247 F.3d 1015, 1019 (9th Cir.2001).

The state court adjudication was not contrary to federal law. In fact, California courts review juror misconduct more stringently than required by the U.S. Constitution. *Compare Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *with In re Carpenter,* 9 Cal.4th 634, 653–55, 38 Cal.Rptr.2d 665, 889 P.2d 985 (1995); *People v. Holloway,* 50 Cal.3d 1098, 1108–1110, 269 Cal.Rptr. 530, 790 P.2d 1327 (1990). Thus even if an error is harmless, California courts must nonetheless set aside the verdict "if it appears substantially likely that a juror is actually biased." *Carpenter,* 9 Cal.4th at 654, 38 Cal.Rptr.2d 665, 889 P.2d 985.

California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Eddington also asks us to expand the certificate of appeal to include claims that the introduction of certain preliminary hearing testimony in redacted form violated his right to a fair trial and that his counsel was ineffective for failing to object to the admission of this testimony.

The district court denied Eddington's request for a certificate of appealability on these issues; accordingly, we may not hear the claims without first expanding the certification. *See* Ninth Circuit Rule 22–1(d). Because the district court filed its limited certificate of appealability on September 13, 1999, Eddington had until October 18, 1999 to file a motion in this court seeking an expanded certification. While there is now a renewed motion before the court, neither the record nor the docket indicates that Eddington filed a timely motion. Eddington does attach a copy of a purported motion dated October 4,

1999, requesting that this court "review both issues raised in the petition." Eddington, however, offers no corroboration that this motion was ever filed with the court, besides an ambiguous mail log of uncertain origin. Accordingly, we deny the motion for broader certification.

In any event, such claims would also fail on the merits. Eddington may not challenge the trial court's decision on the basis of state evidence law. *See Jammal v. Van de Kamp,* 926 F.2d 918, 919 (9th Cir.1991). Rather, he must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). There is no indication that the redacted evidence rendered the proceedings fundamentally unfair. This leaves only his claim for ineffective assistance of counsel. Under *Strickland v. Washington,* 466 U.S. 668, 688–93, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), Eddington must show that counsel's performance was both objectively unreasonable and prejudicial. Even assuming arguendo that counsel's assistance was ineffective on this point, it caused no prejudice to Eddington, against whom there was overwhelming physical and testimonial evidence.

Ample evidence supported the California Court of Appeal's findings that the juror misconduct was harmless and that there was no substantial likelihood of actual juror bias. The evidence was strong that Eddington raped his victim prior to killing her. The court reasonably determined that neither Sala nor the other jurors acted in bad faith. The trial judge conducted a thorough and extensive voir dire of each of the affected jurors. The jurors gave repeated assurances that they could set aside the information and that it would affect neither their deliberations nor their votes. In view of the deferential standard of review that applies, we have no basis to disturb the state court's findings. *Cf. Patton v. Yount,* 467 U.S. 1025, 1036–38, 104 S.Ct. 2885, 81 L.Ed.2d 847 (1984). Similarly, we reject the petitioner's Confrontation Clause claims. Accordingly, we affirm the district court.

**AFFIRMED.**