MEMORANDUM *
Barrette Luke Enno appeals dismissal of his 28 U.S.C. § 2254 petition. We certified three issues, and conclude that a Certificate of Appealability (COA) was improvidently granted as to one and that the others fail. Accordingly, we affirm.
I
Enno withdrew Claim Two, which concerned “death qualifying” guilt-phase jurors, in district court, and sought no COA as to it. In these circumstances we believe our COA should not have issued and we vacate it. See Phelps v. Alameda, 366 F.3d 722, 728 (9th Cir.2004). In any event, Enno would not be entitled to relief even were the issue preserved. The Idaho Supreme Court’s decision was neither contrary to, nor an unreasonable application of, clearly established federal law, or an unreasonable determination of the facts in light of the evidence presented. See Buchanan v. Kentucky, 483 U.S. 402, 414-20, 107 S.Ct. 2906, 97 L.Ed.2d 336 (1987); Lockhart v. McCree, 476 U.S. 162, 165, 173-78, 183-84, 106 S.Ct. 1758, 90 L.Ed.2d 137 (1986); Wainwright v. Witt, 469 U.S. 412, 419-25, 105 S.Ct. 844, 83 L.Ed.2d 841 (1985).
II
Enno lumps together the two parts of his ineffective assistance of counsel claim — one having to do with whether his due process rights were offended by the state court’s rejection of a post-conviction stipulation, and the other with whether trial counsel failed to advise him of a possible plea agreement. The former is not exhausted, 28 U.S.C. § 2254(b)(1)(A), as Enno’s post-conviction petitions relied entirely on state law and did not apprise the Idaho courts that he was making a claim under the United States Constitution. See Baldwin v. Reese, 541 U.S. 27, 29-34, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004); Duncan v. Henry, 513 U.S. 364, 365-66, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (per curiam); Zichko v. Idaho, 247 F.3d 1015, 1020-22 (9th Cir.2001). In any event, a civil court is not required to accept a stipulation, let alone one of ambiguous import. Neither Old Chief v. United States, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997), nor *756 Greenlaw v. United States, 554 U.S. 237, 128 S.Ct. 2559, 171 L.Ed.2d 399 (2008), upon which Enno relies, articulates any such rule.
So far as communication of a plea offer is concerned, Enno has not shown that the state post-conviction court’s findings of fact, made after three evidentiary hearings and upheld as not clearly erroneous by the Idaho Court of Appeals, were unreasonable in light of the evidence presented. The court could reasonably credit counsel’s testimony more than Enno’s given Enno’s memory difficulties and documentary support for counsel’s position. In light of these findings, the decision that counsel was not ineffective is not clearly contrary to Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.