NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 9 2015

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-55445 |
| Plaintiff - Appellee, | D.C. Nos. 3:12-cv-00019-BEN |
| v. | 3:05-cr-02239-BEN-1 |
| EMILIO REYES-BOSQUE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted November 4, 2015
University of California, Los Angeles

Before: SCHROEDER and FRIEDLAND, Circuit Judges and CHHABRIA,[**] District Judge.

Federal prisoner Emilio Reyes-Bosque appeals the district court's denial of

his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.

Reyes-Bosque contends the district court erred in denying his ineffective assistance

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Vince Chhabria, District Judge for the U.S. District Court for the Northern District of California, sitting by designation.

of counsel claim without holding an evidentiary hearing.  We reverse and remand.

"A district court's decision to deny an evidentiary hearing on a § 2255 motion is reviewed for abuse of discretion."  *United States v. Chacon–Palomares*, 208 F.3d 1157, 1158-59 (9th Cir. 2000).  However, the statute provides that "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court *shall . . .* grant a prompt hearing," § 2255(b) (emphasis added).  Therefore, "a hearing is mandatory whenever the record does not affirmatively manifest the factual or legal invalidity of the petitioner's claims," and failure to grant one in such a circumstance is an abuse of discretion.  *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982).

"The standard for granting an evidentiary hearing [under § 2255] entails assuming the truth of [the prisoner's] factual allegations."  *United States v. Leonti*, 326 F.3d 1111, 1121 (9th Cir. 2003).  A prisoner can therefore "demonstrate that the district court erred in not granting an evidentiary hearing[] [by showing he] (1) . . . allege[d] specific facts [in the motion] which, if true, would entitle him to relief; and [that] (2) the petition, files and record of the case [did not] conclusively show that he [wa]s entitled to no relief."  *United States v. Howard*, 381 F.3d 873, 877 (9th Cir. 2004) (citing 28 U.S.C. § 2255).

A district court, faced with specific allegations that would entitle the prisoner to relief, may only deny an otherwise mandatory evidentiary hearing if it "can expand the record . . . and thereby answer any unanswered questions, making it unnecessary for the court to conduct a hearing." *Chacon-Palomares*, 208 F.3d at 1160 (citing *Shah v. United States*, 878 F.2d 1156, 1160 (9th Cir.1989)). But if expansion of the record does not "conclusively show" the prisoner is entitled to no relief, a hearing is still required. *Id.*

Here, the district court was "[f]aced with conflicting" sworn accounts from Reyes-Bosque and from his trial attorney, *Chacon-Palomares*, 208 F.3d at 1159, and Reyes-Bosque's version of the facts, "if true, would entitle him to relief." *Howard*, 381 F.3d at 877. In denying relief, the district court emphasized that Reyes-Bosque's version of the facts was self-serving, ER 6, but that is not enough to show that Reyes-Bosque's claim was "refuted by the record." *United States v. Quan*, 789 F.2d 711, 715 (9th Cir. 1986). Section 2255(b) imposes no requirement of independent corroboration, and a declaration is not inherently unbelievable merely because it is self-serving. *Cf. Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495, 497 (9th Cir. 2015) (on summary judgment, a "district court may not disregard a piece of evidence . . . solely based on its self-serving nature.").

3

The government argues that Reyes-Bosque's reply papers were inconsistent with his original § 2255 motion, and contends the district court could have denied the motion without a hearing for that reason. But, putting aside the fact that the district court did not deny the motion on this basis, it is not clear that the assertions in Reyes-Bosque's reply papers are irreconcilable with those in his original petition. This is especially true because Reyes-Bosque was proceeding pro se, and therefore his pleadings must be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (The liberal construction "rule particularly applies to . . . motions filed by pro se prisoners." (citing *United States v. Seesing*, 234 F.3d 456, 462-63 (9th Cir. 2000))).

Because a hearing was required on the current record, we reverse and remand. On remand the district court may wish to give the parties a chance to supplement the record, particularly because the government did not have occasion to respond to new factual assertions Reyes-Bosque made in his reply papers, and the government may have relevant information concerning the history of prior plea negotiations. But unless an expanded record conclusively shows that Reyes-Bosque is not entitled to relief, § 2255(b) will require the court to hold an

4

evidentiary hearing.

**REVERSED AND REMANDED.**