NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 10 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT STEARNS, | No. 19-35472 |
| Petitioner-Appellant, | D.C. No. 9:18-cv-00169-DLC-JCL |
| v. | |
| LYNN GUYER, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Submitted June 4, 2020[**]
Portland, Oregon

Before: BERZON and COLLINS, Circuit Judges, and CHOE-GROVES,[***] Judge.

The Eighth Amendment proportionality claim raised by Stearns' petition is

barred by the rule against second or successive habeas petitions codified at 28

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Jennifer Choe-Groves, Judge for the United States Court of International Trade, sitting by designation.

U.S.C. § 2244(b). Stearns cannot make a showing that he is entitled to relief from that rule under any of the criteria set forth under section 2244(b)(2). Specifically, Stearns' Eighth Amendment claim does not rely on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, and the factual predicate for the claim was known to Stearns at the time he filed his initial petition. *See* 28 U.S.C. § 2244(b)(2)(A), (B). Accordingly, construing Stearns' appeal as a request for authorization to file a second or successive petition, *see id.* § 2244(b)(3)(A), we deny the request.

Moreover, section 2244(b) notwithstanding, Stearns' Eighth Amendment proportionality claim is procedurally barred because it was not presented to the Montana state courts. *See Zichko v. Idaho*, 247 F.3d 1015, 1021–22 (9th Cir. 2001) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)). His claim is also untimely under AEDPA's one-year statute of limitations. 28 U.S.C. § 2244(d)(1).

Stearns' appeal is therefore denied and the order dismissing his petition affirmed.

AFFIRMED.