**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEAN WRIGHT,

                Petitioner-Appellant,

v.

STATE OF ALASKA,

                Respondent-Appellee.

No.   19-35543

D.C. No. 3:18-cv-00056-JKS

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Alaska
James K. Singleton, District Judge, Presiding

Argued and Submitted August 10, 2020
Anchorage, Alaska

Before: RAWLINSON, MURGUIA, and R. NELSON, Circuit Judges.
Concurrence by Judge MURGUIA

    Appellant Sean Wright seeks review of the district court's denial of

his petition for a writ of habeas corpus brought pursuant to 20 U.S.C. § 2254. We

have jurisdiction pursuant to 28 U.S.C. § 1291. Reviewing *de novo*, we reverse.

---

       [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Following a jury trial, Wright was convicted of thirteen counts of sexual abuse of a minor and sentenced to fourteen years' imprisonment and ten years of supervised probation. *See Wright v. State*, 347 P.3d 1000, 1004-05 (Alaska Ct. App. 2015). As a result of the conviction, Wright must register as a sex offender for the remainder of his life. It is undisputed that Wright served the entirety of his sentence before relocating to Tennessee. A federal grand jury in Tennessee subsequently returned an indictment charging Wright with failure to register as a sex offender. Wright pled guilty to the charge and received a sentence of time served and five years of supervised release. Wright then filed the underlying habeas petition in the United States District Court for the District of Alaska challenging his Alaska conviction. The district court dismissed the petition with prejudice and denied the motion for reconsideration, finding that Wright was not in custody under 28 U.S.C. § 2254.

We review the denial of a habeas petition *de novo*. *See Martinez v. Cate*, 903 F.3d 982, 991 (9th Cir. 2018).

Under 28 U.S.C. § 2254(a), federal courts may "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution."

To be considered "in custody" under the statute, the petitioner must suffer "present restraint from a conviction." *Maleng v. Cook*, 490 U.S. 488, 492 (1989). "The Supreme Court has defined the phrase in custody to include both physical detention and other restraints on a man's liberty, restraints not shared by the public generally. . . ." *Veltmann-Barragan v. Holder*, 717 F.3d 1086, 1088 (9th Cir. 2013) (citation and internal quotation marks omitted).

A petitioner subject to probation is in custody under the statute. *See Chaker v. Crogan*, 428 F.3d 1215, 1219 (9th Cir. 2005). A petitioner incarcerated for failing to register as a sex offender is also in custody. *See Zichko v. Idaho*, 247 F.3d 1015, 1019 (9th Cir. 2001), *as amended*. We clarified in *Zichko* that:

> a habeas petitioner is in custody for the purposes of challenging an earlier, expired rape conviction, when he is incarcerated for failing to comply with a state sex offender registration law because the earlier rape conviction is a necessary predicate to the failure to register charge.

*Id.* (citation and internal quotation marks omitted).

Wright's conviction and sentence for failure to register was "positively and demonstrably related to the [Alaska] conviction he attack[ed]." *Id.* (citation omitted). Therefore, the district court erred in ruling that Wright was not in custody. *See id.*

**REVERSED AND REMANDED.**[1]

---

[1] The district court stated in the alternative that even assuming Wright "may be considered in custody," the proper procedure would be for Wright to file a habeas petition in the federal district court in Tennessee pursuant to 28 U.S.C. § 2255. However, the district court did not provide any detailed analysis of this alternative ruling and it does not appear that the parties focused on this issue in the district court. Rather than addressing the issue as part of this appeal, we leave it to the district court to more thoroughly consider the issue on remand.

*Wright v. State of Alaska*, No. 19-35543

MURGUIA, Circuit Judge, concurring:

I join my colleagues in holding that, under *Zichko v. Idaho*, Wright is "in custody" for purposes of 28 U.S.C. § 2254(a). 247 F.3d 1015, 1019 (9th Cir. 2001). I write separately to clarify that, in my view, the district court on remand should consider transferring Wright's § 2254 petition to the Eastern District of Tennessee only if it determines that said district is a more convenient venue for the parties to litigate it. As I explain more fully below, I do not think it is necessary or appropriate to construe Wright's § 2254 petition as a § 2255 petition.

As our memorandum disposition points out, the district court stated that assuming Wright "may be considered currently in custody" pursuant to § 2254, "it appears that the proper procedure" would be for Wright to file a habeas petition in the Eastern District of Tennessee pursuant to § 2255. This is incorrect, in my view, because Wright is not attacking the constitutionality of his federal conviction for failing to register as a sex offender in Tennessee; he is collaterally attacking the constitutionality of his predicate Alaska conviction for sexual abuse of a minor. Because we hold today that he is in custody under § 2254 such that he may challenge his Alaska conviction, there is no need and no basis to instruct Wright to instead file a § 2255 petition in Tennessee federal court.

It is true that both the District of Alaska and the Eastern District of Tennessee have jurisdiction over Wright's § 2254 petition. *See Braden v. 30th Jud. Cir. Ct.*, 410 U.S. 484, 495 (1973). Therefore, on remand, the district court could transfer Wright's § 2254 petition against the State of Alaska to the Eastern District of Tennessee, but only if it concludes that said district is the most convenient venue for the parties—including the State of Alaska—to litigate it. *See* 28 U.S.C. § 1404(a); *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000) (listing factors the district court should consider to determine whether transfer is appropriate).