Robert Frederick GARCEAU,
Petitioner–Appellant,

v.

Jeanne WOODFORD, Acting Warden
of San Quentin State Prison,
Respondent–Appellee.

No. 99–99022.

United States Court of Appeals,
Ninth Circuit.

Feb. 15, 2002.

Before: O'SCANNLAIN, TASHIMA, and THOMAS, Circuit Judges.

## ORDER

Despite the fact that it "explicitly declined to invoke *Teague*," either in the trial court or in this court, *Garceau v. Woodford*, 275 F.3d 769, 781 n. 1 (9th Cir.2001) (O'Scannlain, J., dissenting), the State, in its petition for rehearing, asks us to invoke the rule of *Teague v. Lane*, 489 U.S. 288, 310, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), that a "new rule" of constitutional law cannot be applied retroactively to cases on collateral review, and to deny relief to petitioner on that ground. We decline the invitation under the law of our circuit. *See Boardman v. Estelle*, 957 F.2d 1523, 1534 (9th Cir.1992) ("We deny the petition for rehearing because the state

has waived the *Teague* defense in this case."). Although we there noted that "[t]he Supreme Court has not yet decided whether a state may waive the *Teague* defense by failing timely to raise it," *id.,* the Court has since declined to dispose of a case on the ground that a "new rule" was involved "because petitioner[State warden] did not raise a *Teague* defense in the lower courts or in his petition for certiorari." *Godinez v. Moran,* 509 U.S. 389, 397 n. 8, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993) (citations omitted). Accordingly, even though we have the discretion to consider a *Teague* claim raised for the first time on a petition for rehearing, *See Boardman,* 957 F.2d at 1536–37, we decline to do so here where the State's lawyer declined to raise *Teague,* even after the panel inquired of him directly at oral argument whether the State wished to do so. *See Garceau v. Woodford,* 275 F.3d at 781 n. 1 (explaining that under the circumstances, "I reluctantly conclude that it is inappropriate to analyze whether the *Teague* bar applies") (O'Scannlain, J., dissenting).

Judges Tashima and Thomas vote to deny the petition for panel rehearing and Judge O'Scannlain votes to grant it. The panel votes to deny the petition for rehearing en banc. The full court has been advised of the petition for rehearing en banc and no judge of the court has requested a vote on en banc rehearing. *See* Fed. R.App. P. 35(b).

The petition for panel rehearing and the petition for rehearing en banc are denied.