Henry P. ROBLES, Petitioner—Appellant,

v.

William A. DUNCAN, Warden, Respondent—Appellee.

No. 02–15521.

D.C. No. CV–00–01642–MMC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 11, 2003.

Decided Aug. 25, 2003.

J. Bradley O'Connell, Esq., First District Appellate Project, San Francisco, CA, Henry P. Robles, pro se, San Luis Obispo, CA, for Petitioner–Appellant.

Peggy S. Ruffra, Esq., Nanette S. Winaker, AGCA—Office of the California Attorney General (SF), San Francisco, CA, for Respondent–Appellee.

Before REINHARDT and GRABER, Circuit Judges, and SHADUR,* District Judge.

## MEMORANDUM **

Petitioner Henry P. Robles appeals a judgment from the United States District Court for the Northern District of California denying his petition for a writ of habeas corpus. We reverse.

■ 1. Robles contends that his trial lawyer provided ineffective assistance of counsel under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), by failing to advise him of his right to file a direct appeal of his guilty plea in state court. The district court denied Robles's pro se petition because he did not provide evidence that he had available non-frivolous grounds to be raised on appeal. *Roe v. Flores–Ortega,* 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000), which both parties have cited as the controlling precedent for reviewing Ro-

---

\* The Honorable Milton I. Shadur, Senior United States District Judge, Northern District of Illinois, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

bles's *Strickland* claim, forbids courts from requiring such a showing: "it is unfair to *require* a [pro se] defendant to demonstrate that his hypothetical appeal might have had merit before any advocate has ever reviewed the record in his case in search of potentially meritorious grounds for appeal. Rather, we require the defendant to demonstrate that, but for counsel's deficient conduct, he would have appealed." *Id.* at 486, 120 S.Ct. 1029. Robles showed that he likely would have exercised his right to appeal if he had been aware of it. The presentence report shows that Robles was interested in exploring his options prior to the period within which he was required to exercise his right to appeal. No evidence contradicted the report.

■ The district court failed reasonably to consider all of the evidence relevant to Robles's petition. *Flores–Ortega* requires more. "In making [a *Strickland*] determination, courts must take into account all the information counsel knew or should have known." 528 U.S. at 480, 120 S.Ct. 1029. "All the information" includes any evidence relevant to whether Robles desired to appeal his plea *before or after* it was entered but before his time to appeal had expired. Examining only what Robles did prior to pleading guilty, as the state court seemed to do, unreasonably applies the holding of *Flores–Ortega*.[1] We therefore reverse the district court's dismissal and remand for an evidentiary hearing to determine whether Robles's counsel ever consulted his client about his right to appeal. *See Flores–Ortega*, 528 U.S. at 478, 120 S.Ct. 1029.

■ 2. Following the precise procedural sequence we advised petitioners to pursue in *Ford v. Hubbard*, 330 F.3d 1086 (9th Cir.2003), *petition for cert. filed*, —— U.S.L.W. —— (U.S. Aug. 8, 2003) (No. 03–211), Robles repeatedly asked the district court to grant him a stay of his exhausted claims while he litigated his unexhausted claims in state court. The district court denied these requests, giving Robles the option to pursue only his exhausted claim in federal court or to have his amended petition dismissed "without prejudice."

The district court abused its discretion. This circuit does not require pro se petitioners to provide compelling excuses when requesting a stay. *See Ford*, 330 F.3d at 1099. Moreover, the district court's offer to dismiss Robles's petition "without prejudice" was precisely the sort of misleading statement we found unacceptable in *Ford* – at the time the court offered Robles the chance to withdraw, his claims would have been time-barred for nearly three months under AEDPA. We therefore reverse and remand to the district court to grant Robles's request to amend his petition to include all of his exhausted claims.

■ 3. The district court dismissed Robles's equal protection challenge, finding it untimely under AEDPA's one year statute of limitations. Though otherwise time-barred, a claim in an amended petition may "relate back" to the date of the original pleading if it arises "out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." FED. R. CIV. P. 15(c)(2). Courts in this circuit must construe liberally pro se petitioners' claims, especially when reviewing pro se "complaints and motions." *Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir.2001). In this case, Robles's

---

1. The state has not raised a *Teague* defense to applying retroactively the holding of *Flores–Ortega*—a decision which the Supreme Court characterized as "break[ing] no new ground," 528 U.S. at 485, 120 S.Ct. 1029. Any *Teague* defense is therefore waived. *See Garceau v. Woodford*, 281 F.3d 919, 919–20 (9th Cir. 2002).

original habeas petition was plainly based on the same factual predicates as was his later equal protection challenge. Moreover, Robles appended his state petition to his original federal habeas petition, giving the state sufficient notice to be prepared to answer the claim. On remand, the district court should consider Robles's equal protection challenge on the merits.

REVERSED AND REMANDED.

GRABER, Circuit Judge, concurring in part and dissenting in part.

GRABER, Circuit Judge.

1. I concur in Parts 1 and 2.

2. I respectfully dissent from Part 3 because the equal protection claim does not "relate back" to the timely filed claim for ineffective assistance of counsel. Under Rule 15(c)(2), an amendment relates back only if the nonmoving party received "sufficient notice of the *facts and claims* giving rise to the proposed amendment." *Anthony v. Cambra,* 236 F.3d 568, 576 (9th Cir.2000) (emphasis added).

As for notice of the claim, the original petition alleged various claims of ineffective assistance of counsel but did not include an equal protection claim. The petition attached two state filings as exhibits, both of which did refer to an equal protection claim. The natural inference to be drawn is that the petition intentionally omitted that claim.

Additionally, the facts underlying the two claims are not the same. The facts underlying the claims of ineffective assistance of counsel pertain to what the lawyer said and did, or failed to say and do. By contrast, the operative facts underlying the equal protection claim are the statutory provisions that create different require-ments for taking guilty pleas. Those facts are found nowhere in the petition.

For these reasons, I cannot join Part 3.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.