Loren Edward McNAB, Petitioner–Appellant,

v.

Cynthia KOK; Hardy Myers, Attorney General of the State of Oregon, Respondents–Appellees.

No. 97–35481.

United States Court of Appeals, Ninth Circuit.

Submitted March 15, 1999.[1]

Decided March 25, 1999.

Wendy Rae Willis, Assistant Federal Public Defender, Portland, Oregon, for the petitioner-appellant.

---

**3.** Rodriguez–Lopez does not dispute the fact that he was imprisoned for 62 days between his arrest and sentence.

**1.** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a).

David B. Thompson, Assistant Attorney General, Salem, Oregon, for the respondents-appellees.

Before: SNEED, KOZINSKI, and LEAVY, Circuit Judges.

PER CURIAM.

Loren Edward McNab, a former Oregon prisoner, appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo a district court's dismissal of a habeas corpus petition, see Morales v. Calderon, 85 F.3d 1387, 1389 n. 6 (9th Cir.1996), and we affirm.

McNab filed a habeas corpus petition challenging Oregon's sex offender registration requirements. On appeal, McNab contends that the district court erred by dismissing his petition for lack of jurisdiction on the basis that McNab was not "in custody" within the meaning of section 2254(a). This contention lacks merit.

We have held that Washington's and California's sex offender registration statutes do not place a petitioner in custody because these statutes do not place "a significant restraint on ... physical liberty" by restricting the registrant's freedom to move about. Williamson v. Gregoire, 151 F.3d 1180, 1183–84 (9th Cir.1998) (Washington), cert. denied, — U.S. —, 119 S.Ct. 824, 142 L.Ed.2d 682 (1999); see Henry v. Lungren, 164 F.3d 1240, 1241–42 (9th Cir.1999) (California). Like their counterparts in California and Washington, sex offenders subject to registration in Oregon are free to move to a new place of residence so long as they notify law enforcement officials of their new address. Compare Cal.Penal Code § 290 (West 1998) and Wash. Rev.Code § 9A.44.130 (West 1998) with Or.Rev.Stat. §§ 181.595 & 181.596 (West 1997). Accordingly, because Oregon's sex offender registration requirements place no greater re-

straint on personal liberty than those of California and Washington, the Oregon law does not place McNab in custody within the meaning of section 2254(a). See Henry, 164 F.3d at 1241–42; Williamson, 151 F.3d at 1184.

**AFFIRMED.**