*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2002 FED App. 0247P (6th Cir.)
File Name: 02a0247p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

OLIVER W. LESLIE, JR.,
     *Petitioner-Appellant,*

     *v.*

No. 01-3589

MICHAEL RANDLE, Warden,
     *Respondent-Appellee.*

Appeal from the United States District Court
for the Southern District of Ohio at Cincinnati.
No. 99-00095—Sandra S. Beckwith, District Judge.

Submitted: June 21, 2002

Decided and Filed: July 22, 2002

Before: CLAY and GILMAN, Circuit Judges; HAYNES,[*]
District Judge.

_____

**COUNSEL**

**ON BRIEF:** Stephanie L. Watson, OFFICE OF THE
ATTORNEY GENERAL, CORRECTIONS LITIGATION

_____

[*] The Honorable William J. Haynes, Jr., United States District Judge
for the Middle District of Tennessee, sitting by designation.

SECTION, Columbus, Ohio, Oliver W. Leslie, Jr., Chillicothe, Ohio, pro se.

GILMAN, J., delivered the opinion of the court. CLAY, J. (pp. 9-10), delivered a separate concurring opinion, in which HAYNES, D. J., joined.

––––––––––––––––

**OPINION**

––––––––––––––––

RONALD LEE GILMAN, Circuit Judge.  In 1986, Oliver W. Leslie, Jr. pled guilty to state charges of rape and felonious assault.  He was sentenced to a minimum of 18 years in prison.  After the Ohio sexual-predator statute was amended in 1997, the Hamilton County Court of Common Pleas adjudicated Leslie as a sexual predator.  Leslie appealed, claiming that Ohio's sexual-predator statute was unconstitutional as it applied to him.  Receiving no relief from the Ohio appellate courts, Leslie filed a petition for a writ of habeas corpus in the United States District Court for the Southern District of Ohio, claiming that the statute violated various provisions of the United States Constitution. The district court denied the writ.  For the reasons set forth below, we **AFFIRM** the judgment of the district court.

## I.  BACKGROUND

In June of 1986, Leslie was indicted on charges of: (1) aggravated burglary, in violation of Ohio Rev. Code § 2911.11, (2) rape, in violation of Ohio Rev. Code § 2907.02, and (3) felonious assault, in violation of Ohio Rev. Code § 2903.11.  Leslie pled guilty to the rape and felonious assault charges, and the State dismissed the aggravated burglary charge in exchange for his plea.  The court sentenced Leslie to between 10 and 25 years in prison for the rape offense and at least 8 additional years for the felonious assault.

122 S. Ct. 1959 (2002); or claiming governmental defamation entitling the plaintiff to the procedural safeguards of the Due Process Clause, *see Fullmer v. Mich. Dep't of State Police*, No. 01-73319, 2002 WL1164148 (E.D. Mich. June 3, 2002 ) (finding that the notification provisions of the Michigan Sex Offenders Registration Act violated procedural due process). In short, the holding in the present case is strictly limited to the habeas context.

After Ohio amended its sexual-predator statute, Ohio Rev. Code §§ 2950.01-99, in 1997, the Hamilton County Court of Common Pleas issued an "Entry Ordering Return of Defendant For Court Proceedings (Sexual Predator Hearing)." Leslie responded by filing a motion to declare certain provisions of the sexual-predator statute unconstitutional and asking the court to dismiss the sexual-predator proceedings against him. Because he was convicted prior to the passage of the statute, Leslie claimed that, as it applied to him, the statute violated the Ex Post Facto, Double Jeopardy, Equal Protection, and Due Process Clauses of the United States Constitution. After a hearing, the state court denied Leslie's motion. Leslie then stipulated that he was properly classified as a "sexual predator" under the statutory definition of the term, but he reserved the right to appeal the court's decision that the statute was constitutional. The state court thereafter entered an order adjudicating Leslie to be a "sexual predator" pursuant to Ohio Rev. Code § 2950.09.

Leslie appealed to the Ohio Court of Appeals, claiming that the trial court erred in finding Ohio's sexual-predator statute constitutional. In July of 1998, the Court of Appeals affirmed the trial court's order. The Court of Appeals then granted Leslie's motion to certify the following question to the Ohio Supreme Court: "Where an offender is serving a term of incarceration on or after January 1, 1997 for a sexually oriented offense which was adjudicated prior to that date, does the application of [Ohio Rev. Code §] 2950.01 *et seq.* violate the retroactive laws prohibition of Section 28, Article II of the Ohio Constitution?" In November of 1998, the Ohio Supreme Court responded by issuing a judgment dismissing the case in light of *State v. Cook*, 700 N.E.2d 570, 585 (Ohio 1998), in which the court concluded that "the registration and notification provisions of [Ohio Rev. Code §] 2950 do not violate the *Ex Post Facto* Clause because its provisions serve the remedial purpose of protecting the public." (Italics in original.)

Leslie pursued this issue by filing a petition for a writ of habeas corpus in the United States District Court for the

Southern District of Ohio in February of 1999, claiming that Ohio's sexual-predator statute violated the Ex Post Facto, Equal Protection, Due Process, and Double Jeopardy Clauses of the United States Constitution. The magistrate judge recommended that Leslie's petition for relief be denied "on the ground that petitioner does not meet the 'in custody' prerequisite for federal habeas corpus jurisdiction based on his claims for relief," even though Leslie is still incarcerated for his crimes. After Leslie failed to file any objections to the magistrate judge's decision, the district court adopted the Report and Recommendation and dismissed the petition for habeas corpus. But the district court certified an appeal based on the following question: "[W]hether Petitioner's challenge to the constitutionality of the classification, registration, and community notification provisions of Ohio [Rev. Code §] 2950, as applied, is cognizable in this habeas proceeding?"

## II. ANALYSIS

### A. Ohio's sexual-predator statute

Leslie argues that the classification, registration, and community notification provisions of Ohio's sexual-predator statute should not apply to him because he was convicted of a sex offense prior to the amendment of the statute in 1997. *See* Ohio Rev. Code § 2950.09(C) (providing for the retroactive application of the law to prisoners who were "convicted of or pleaded guilty to a sexually oriented offense prior to January 1, 1997").

Although Ohio has had a sex-offender registration statute since 1963, the statute was substantially amended in 1996 and 1997. Under the new law, "a sentencing court must determine whether sex offenders fall into one of the following classifications: (1) sexually oriented offender; (2) habitual sex offender; or (3) sexual predator." *Cook*, 700 N.E.2d at 574. Depending on how the individual is classified, different registration and community notification requirements apply. As noted above, Leslie stipulated that he was properly classified as a "sexual predator" under the statute. A sexual predator is defined as "a person who has been convicted of or

———————————

## CONCURRENCE

———————————

CLAY, Circuit Judge, concurring. I concur in Judge Gilman's opinion affirming the judgment of the district court denying the petition for a writ of habeas corpus, but write separately to underscore that the holding in this case is limited to the habeas context and does not foreclose a plaintiff from litigating constitutional claims pertaining to a sex offender registration statute in a non-habeas proceeding. Thus, although Petitioner claims that the Ohio sexual predator statute was unconstitutional as applied to him on the ground that it violated the Ex Post Facto, Double Jeopardy, Equal Protection, and Due Process Clauses of the United States Constitution, we do not reach the merits of these claims since Petitioner cannot satisfy the "in custody" requirement under 28 U.S.C. § 2254. Nevertheless, while the classification, registration and notification requirements of the Ohio sexual predator statute are viewed as collateral consequences of a conviction rather than a restraint on liberty sufficient to satisfy the "in custody" requirement for purposes of federal habeas review, these same consequences might be considered punitive for purposes of the Ex Post Facto Clause. *See Doe v. Otte*, 259 F.3d 979, 982 (9th Cir. 2001) (classifying the Alaska Sex Offender Registration Act as punitive for purposes of the Ex Post Facto Clause, and thus applicable only to sex offenders whose crimes were committed after its enactment). The holding in the present case also does not prevent a plaintiff from bringing a constitutional challenge to a sexual offender registration statute in a 42 U.S.C. § 1983 action, *see id.*; asserting that a sexual offender registration statute is violative of the Due Process Clause, *see Doe v. Dep't of Public Safety ex rel. Lee*, 271 F.3d 38, 62 (2d Cir. 2001) (finding that the Connecticut sexual predator statute violated the Due Process Clause because the statute did not provide a hearing to determine whether an individual was currently dangerous before he was classified as a sex offender), *cert. granted, Conn. Dep't of Public Safety v. Doe*,

government official. Similarly, Leslie's continued freedom is not conditioned on his ability to remain employed, nor is he prohibited from engaging in any legal activities.

The Ohio Supreme Court has also held that the sexual-predator statute is remedial as opposed to punitive in nature. *State v. Cook*, 700 N.E.2d 570, 585 (Ohio 1998) (holding that the Ohio sexual-predator statute "serves the solely remedial purpose of protecting the public" and that "there is no clear proof that [the statute] is punitive in its effect"). Although "the 'in custody' requirement may be satisfied by restraints other than criminal punishment," *Williamson*, 151 F.3d at 1184, the Ohio Supreme Court's conclusion that the sexual-predator statute is a form of civil regulation provides additional support for our conclusion that the classification, registration, and community notification provisions are more analogous to collateral consequences such as the loss of the right to vote than to severe restraints on freedom of movement such as parole. *Compare Carafas v. LaVallee*, 391 U.S. 234, 237 & n.6 (1968) (referring to the loss of the right to vote and the ability to serve as a juror as "collateral consequences" of a conviction) *with Jones*, 371 U.S. at 241-42 (holding that a prisoner released on parole from immediate physical confinement was nonetheless sufficiently restrained in his freedom of movement as to be "in custody" for the purposes of federal habeas corpus). We therefore conclude that Leslie's petition for a writ of habeas corpus was properly denied.

### III.  CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.

---

pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Ohio Rev. Code § 2950.01(E).

As a sexual predator, Leslie will have to "register with [his] county sheriff and provide a current home address, the name and address of [his] employer, a photograph, and any other information required by the Bureau of Criminal Identification and Investigation" when he is finished serving his prison sentence. *Cook*, 700 N.E.2d at 575. Leslie will also have to provide the license plate number of each motor vehicle he owns or which is registered in his name. Ohio Rev. Code § 2950.04(C)(2). Finally, Leslie will have to verify his current home address every 90 days. Ohio Rev. Code §§ 2950.07(B)(1) and 2950.06(B)(1). "Failure to comply with the registration and verification provisions is a felony," and Leslie will have to "fulfill these requirements for life or until [he] obtains a court determination that [he] is no longer a sexual predator." *Cook*, 700 N.E.2d at 575 (citing Ohio Rev. Code §§ 2950.06(G)(1), 2950.99, and 2950.07(B)(1)).

The statute also contains a community notification provision. Under this provision, designated members of the community will be provided with Leslie's name, the address at which he resides, the sexually oriented offense for which he was convicted, and a statement that he has been adjudicated as being a sexual predator. Ohio Rev. Code § 2950.11(B)(1) through (4).

### B.  Federal habeas corpus "in custody" requirement

A federal court has jurisdiction to consider a petition for a writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that *he is in custody in violation of the Constitution or laws or treaties of the United States*." 28 U.S.C. § 2254 (emphasis added). The question presented by this case is whether Leslie's petition for habeas corpus contains a claim for which he is "in custody" within the meaning of 28 U.S.C. § 2254.

Although the Supreme Court has not interpreted 28 U.S.C. § 2254 as requiring "that a prisoner be physically confined in order to challenge his sentence on habeas corpus," *Maleng v. Cook*, 490 U.S. 488, 491 (1989), "[t]he custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." *Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973) (holding that a petitioner who had been released on his own recognizance pending the execution of sentence was "in custody" for the purposes of federal habeas corpus). As a result, "its use has been limited to cases of special urgency, leaving more conventional remedies for cases in which the restraints on liberty are neither severe nor immediate." *Id*.

The Supreme Court has also "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng*, 490 U.S. 490-91 (holding that a petitioner could challenge an impending state-prison sentence because he was "in custody" for the purposes of federal habeas corpus). Collateral consequences of a conviction, such as the ability "to vote, engage in certain businesses, hold public office, or serve as a juror," are therefore insufficient to satisfy the "in custody" requirement for habeas jurisdiction. *Id*. at 491-92.

Although Leslie is currently incarcerated, he is not seeking relief from the conviction or sentence upon which his confinement is based. He claims instead that, as it applies to him, Ohio's sexual-predator statute is unconstitutional. As the magistrate judge's Report and Recommendation points out, neither the Supreme Court nor the Sixth Circuit has confronted the question of "whether or not a sex offender's subjection to state statutory classification, registration and community notification provisions is merely a collateral consequence of his conviction or, conversely, constitutes a severe and immediate restraint on his liberty sufficient to satisfy the 'in custody' prerequisite for federal habeas corpus review."

The Ninth Circuit, however, has addressed this very question with regard to similar sexual-predator statutes, and has concluded that petitioners who have completed their prison sentences but who are required to register as sex offenders do not satisfy the "in custody" requirement of 28 U.S.C. § 2254. *McNab v. Kok*, 170 F.3d 1246, 1247 (9th Cir. 1999) (dismissing a habeas petition after concluding that Oregon's sex-offender statute does not place an offender "in custody" for purposes of 28 U.S.C. § 2254); *Henry v. Lungren*, 164 F.3d 1240, 1241-42 (9th Cir. 1999) (same conclusion for California statute); *Williamson v. Gregoire*, 151 F.3d 1180, 1184 (9th Cir. 1998) (same conclusion for Washington statute). Instead, the court has held that the classification, registration, and notification requirements are "more properly characterized as a collateral consequence of conviction rather than as a restraint on liberty." *Williamson*, 151 F.3d at 1183.

The Ninth Circuit has noted that the federal court "precedents that have found a restraint on liberty rely heavily on the notion of a physical sense of liberty—that is, whether the legal disability in question somehow limits the putative habeas petitioner's movement." *Williamson*, 151 F.3d at 1183. For example, the Supreme Court has held that a paroled prisoner is still 'in custody' for purposes of federal habeas corpus because "the petitioner's release from physical confinement . . . [i]s explicitly conditioned on his reporting regularly to his parole officer, remaining in a particular community, residence, and job, and refraining from certain activities." *Maleng*, 490 U.S. at 491 (citing *Jones v. Cunningham*, 371 U.S. 236, 242 (1963)).

The Ohio sexual-predator statute places no such constraints on Leslie's movement. Like the Washington sexual-predator statute discussed in *Williamson*, the Ohio statute applies to Leslie "whether he stays in the same place or whether he moves," *Williamson*, 151 F.3d at 1184, and he must verify his address with the sheriff every 90 days even if he never leaves his house. Leslie's ability to move to a different community or residence is therefore not conditioned on approval by a