**James Clenzo BURRIS, Petitioner,**

v.

**Mel HUNTER, Respondent.**

**No. EDCV03161RTPLA [1].**

United States District Court,
C.D. California.

Oct. 20, 2003.

---

1. On April 18, 2003, this case was transferred from the calendar of District Judge Lourdes G. Baird to the calendar of District Judge Robert J. Timlin, pursuant to General Order 224.

James C. Burris, Jr., Atascadero, CA, for Petitioner (Pro se).

Bill Lockyer, Attorney General of the State of California, Bradley A. Weinreb, Deputy Attorney General, San Diego, CA, for Respondent.

## ORDER (1) ACCEPTING AND ADOPTING THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE, AND (2) DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE

TIMLIN, District Judge.

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus ("Petition"), Respondent's Answer, Petitioner's Opposition to Attorney General's Answer, all of the records herein and the Report and Recommendation of the United States Magistrate Judge ("Report"). Further, neither Petitioner nor Respondent has filed any objections to the Report.

IT IS ORDERED that: (1) the Court accepts and adopts the Report, (2) the Petition be dismissed without prejudice, and (3) Judgment be entered dismissing the Petition without prejudice.

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

ABRAMS, United States Magistrate Judge.

This Report and Recommendation is submitted to the Honorable Robert J. Timlin, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 194 of the United States District Court for the Central District of California. For the reasons discussed below, the Magistrate Judge recommends that the Petition for Writ of Habeas Corpus ("Petition" or "Pet.") be dismissed **without prejudice**.

### I.

### *SUMMARY OF PROCEEDINGS*

On September 9, 1997, the Riverside County District Attorney filed a petition for involuntary commitment, and alleged that petitioner was a "Sexually Violent Predator" ("SVP") within the meaning of California Welfare and Institutions Code § 6600, et seq. ("SVPA").[2] Following a trial by jury, on April 15, 1998, petitioner

---

**2.** A petition for commitment of an inmate as an SVP is filed in the Superior Court upon the recommendation of the Department of Mental Health with the approval of the county counsel. (California Welfare and Institutions Code § 6601.) After the filing of the petition, the Superior Court holds a hearing to determine if there is "probable cause" to believe that the person named in the petition is an SVP

(§ 6602). If no probable cause is found at the hearing, at which the petitioner has a right to counsel, the petition is dismissed. If probable cause is found, the alleged SVP is held over at a "secure facility" pending a trial, ordered by the court, to determine his/her SVP status. *Id.* At trial, the alleged SVP is entitled to counsel, the right to retain experts, and full

was declared to be a Sexually Violent Predator and ordered committed to the custody of the California Department of Mental Health for a period of two years. (Clerk's Transcript ("CT") 1–2, 93.)

On May 23, 2000, the California Court of Appeal denied petitioner's petition for writ of habeas corpus, wherein petitioner claimed that the trial court violated his right to due process and his trial counsel was ineffective because neither the trial court nor counsel advised him of his right to file an appeal. On June 14, 2000, the California Supreme Court denied petitioner's habeas petition to that court which raised the same claims. *See* Petition in case number ED CV 00–560–RT (PLA) (discussed, *infra*) at 2–4; Return in same case at 7.

On July 7, 2000, petitioner filed a "Petition for Writ of Habeas Corpus by a Person in State Custody" with this Court, case number ED CV 00–560–RT (PLA). Petitioner claimed that he was denied equal protection under the Fourteenth Amendment because he was not properly advised by the trial court that he could have appealed from the order committing him as an SVP under California law, and further alleged that his counsel was ineffective for failing to advise him of his right to appeal (Grounds One and Two). Petitioner also claimed that the evidence was insufficient to find that he was an SVP, because one of his victims did not qualify as a "stranger" under California Welfare and Institutions

Code § 6600(e), since he had a long relationship with her and she bore his child (Ground Three).[3] *See* Petition in ED CV 00–560–RT (PLA), at 6, 9 & 10.

On May 10, 2002, this Court dismissed the Petition on the grounds that, since the Court of Appeal had granted petitioner leave to file a constructive appeal, Grounds One and Two—which were based upon petitioner's lack of an opportunity to appeal—were moot, and his insufficiency of the evidence claim (Ground Three) was unexhausted, since it could now be presented to the Court of Appeal. *See* Final Report and Recommendation in ED CV 00–560–RT (PLA), at 6–7.

On October 10, 2002, in a partially published decision, the Court of Appeal affirmed the judgment. (Lodged Document Number ("Lodged Doc. No.") 1; *People v. Burris*, 102 Cal.App.4th 1096, 126 Cal. Rptr.2d 113 (Cal.App. 4 Dist.2002)). Petitioner's petition for review to the California Supreme Court was denied on January 15, 2003. (Lodged Doc. Nos. 2 and 3.)

The instant Petition was filed on February 12, 2003. Respondent filed an Answer on March 31, 2003, and petitioner filed a Traverse on April 21, 2003. Accordingly, the matter has been deemed submitted and is ready for a decision.

## II.

### *PETITIONER'S CONTENTIONS*

Petitioner contends that:

---

access to his/her medical records (§ 6603(a)). The trier of fact must unanimously determine that the person is an SVP "beyond a reasonable doubt" (§ 6603(d), § 6604). If the state fails to prove that the person is an SVP, the person is ordered released at the end of his or her sentence, or at the end of the period of parole following the sentence (whichever is applicable). If the person is adjudicated an SVP, "the person shall be committed for two years to the custody of the State Department of Mental Health for appropriate treatment

and confinement in a secure facility designated by the Director of Mental Health...." (§ 6604).

3. To qualify as a predatory act, the act must be "directed toward a stranger, a person of casual acquaintance with whom no substantial relationship exists, or an individual with whom a relationship has been established or promoted for the primary purpose of victimization." California Welfare and Institutions Code § 6600(e).

1. His due process rights were violated because there was insufficient evidence to show that petitioner had a mental disorder and that as a result of that disorder petitioner was likely to commit further offenses involving sexual misconduct. (Pet. at 6.);

2. The prosecutor committed misconduct by seeking to inflame the jury against petitioner during closing argument. (Pet. at 6.)

## III.

### DISCUSSION

In this habeas action, petitioner is seeking to attack the trial court's order of April 15, 1998, in Superior Court case number RIC 301495, ordering petitioner to be committed as an SVP for a period of two years. *See* Pet. at 3–4 (incorrectly listing the date of conviction as "March 20, 1998"); ( CT 89, 93). That order of commitment expired on April 15, 2000, almost three years before the instant Petition was filed. *See People v. Hubbart*, 88 Cal. App.4th 1202, 1222–23, 106 Cal.Rptr.2d 490 (Cal.App. 6 Dist.2001) (holding, *inter alia*, that the two-year term of SVP commitment is measured from the date of the commitment order), *cert. denied*, 534 U.S. 1143, 122 S.Ct. 1097, 151 L.Ed.2d 994 (2002).

Under 28 U.S.C. § 2254, a federal court "shall entertain an application for a writ of habeas corpus ... only on the ground that [the applicant] is in custody in violation of the Constitution or the laws or treaties of the United States." The Supreme Court has interpreted § 2254 as requiring that the habeas petitioner be " 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Mal-*

*eng v. Cook*, 490 U.S. 488, 490–91, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989). A defendant who "is no longer serving the sentences imposed pursuant to his [earlier] convictions ... cannot bring a federal habeas petition directed solely at those convictions." *See Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001); *Contreras v. Schiltgen*, 122 F.3d 30, 33–34 (9th Cir.1997) ("*Contreras I* "), *aff'd on add'l grounds*, 151 F.3d 906, 907–908 (9th Cir. 1998) ("*Contreras II* "). While involuntary commitment pursuant to an SVP commitment order satisfies the "in custody" requirement for purposes of seeking habeas relief (*Brock v. Weston*, 31 F.3d 887, 889–90 (9th Cir.1994) (involuntary commitment under Washington's Sexually Violent Predators Act satisfied "in custody" requirement of federal habeas corpus statute)), petitioner is not currently "in custody" under the commitment order which he is attacking in this Petition.[4]

A petitioner may satisfy the "in custody" requirement of § 2254 if, although no longer serving the sentence imposed for the challenged conviction, the petitioner is serving a sentence *enhanced* by the first conviction. *Lackawanna*, 532 U.S. at 404–07, 121 S.Ct. 1567; *see also Zichko v. Idaho*, 247 F.3d 1015, 1019–20 (9th Cir.2001) (petitioner meets the "in custody" requirement if prior conviction is a "necessary predicate" to his current conviction), citing *Brock v. Weston*, 31 F.3d 887, 890 (9th Cir.1994). However, petitioner has failed to prove that his current detention pursuant to a subsequent SVP petition has been "enhanced" by his April 15, 1998, commitment order.

---

**4.** Respondent avers on information and belief that another commitment petition has been filed against petitioner, and that petitioner currently remains under the care and control of respondent, the Director of Atascadero State Hospital. However respondent is "uncertain" whether the new proceeding will result in another commitment order. *See* Answer at 1, 5 and footnote no. 1.

The new and apparently pending SVP commitment proceeding against petitioner does not constitute an enhancement of petitioner's civil commitment under the now-expired August 15, 1998, two-year commitment order. Under California law, a new petition to extend an offender's commitment for another two years constitutes a new and separate civil action. "Indeed, the SVPA does not use the term 'petition for recommitment,' but instead refers to 'the filing of a *new petition for commitment* under this article.'" *Butler v. Superior Court*, 78 Cal.App.4th 1171, 1180, 93 Cal.Rptr.2d 468 (Cal.App. 6 Dist.2000) (emphasis in original) (noting that a new petition will focus on the offender's mental condition at the end of the previous two-year term and consequently will involve new facts and circumstances from those in the previous proceeding(s)). In order for petitioner to be recommitted for an additional two-year term, the district attorney again must prove beyond a reasonable doubt that petitioner is currently a sexually violent predator. Cal. Welf. & Inst. Code §§ 6604, 6605. California courts themselves recognize the lack of any collateral consequences from a two-year commitment order under the SVPA by holding that the expiration of an SVP's term of commitment renders any claims related to that commitment moot. *People v. Cheek*, 25 Cal.4th 894, 903, 24 P.3d 1204, 108 Cal.Rptr.2d 181 (2001).

Accordingly, because petitioner is no longer "in custody" under the April 15, 1998, commitment order which he challenges in this action, and petitioner's current civil commitment has not been "enhanced" by his prior two-year commitment as an SVP, this Court lacks jurisdiction to entertain the instant Petition, and the Petition should be dismissed without prejudice. *Lackawanna*, 532 U.S. at 401–02, 121 S.Ct. 1567; *see also Leslie v. Randle*, 296 F.3d 518, 521–23 (6th Cir.2002) (petitioner, although incarcerated for rape and felonious assault, was not "in custody" under Ohio's sexual-predator law which he challenged in habeas action, where law did not impose any restrictions on movement).

## IV.

### RECOMMENDATION

It is recommended that the District Court issue an Order: (1) adopting this Report and Recommendation; and (2) directing that judgment be entered denying the Petition and dismissing this action **without prejudice** for lack of jurisdiction.

### NOTICE

Reports and Recommendations are not appealable to the Court of Appeals, but are subject to the right of any party to file Objections as provided in the Local Rules Governing Duties of Magistrate Judges, and review by the District Judge whose initials appear in the docket number. No Notice of Appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the Judgment of the District Court.