Affirmed by published opinion. Judge NIEMEYER wrote the opinion, in which Judge DAVIS joined. Judge DAVIS wrote a separate concurring opinion. Judge WYNN wrote a dissenting opinion.
OPINION
NIEMEYER, Circuit Judge:
Five years after Eric Wilson fully served his sentence for a Virginia state rape conviction, he filed this habeas corpus petition under 28 U.S.C. § 2254, challenging his conviction. To satisfy § 2254’s jurisdictional requirement that he be “in custody” at the time he filed his petition, see 28 U.S.C. § 2254(a) (granting jurisdiction to the district courts to entertain “an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court” (emphasis added)), Wilson alleged that the sex offender registration requirements of Virginia and Texas law impose sufficiently substantial restraints on his liberty so as to amount to custody.
The district court dismissed Wilson’s petition for lack of jurisdiction, holding that because Wilson had fully served the sentence for his rape conviction, he was no longer “in custody,” as required by § 2254(a).
We affirm. While it appears that Wilson has mounted a serious constitutional challenge to his conviction, in which he vigorously asserts his innocence, we conclude that the sex offender registration requirements of Virginia and Texas are collateral consequences of his conviction that are independently imposed on him because of his status as a convicted sex offender and not as part of his sentence. We also note that the sex offender registration requirements and related consequences do not impose sufficiently substantial restraints on Wilson’s liberty so as to justify a finding that he is in the custody of state officials.
I
Wilson was one of the “Norfolk Four,” a group of four young Navy sailors who were convicted of the rape and/or murder of Michelle Bosko, the wife of another Navy sailor. Wilson himself was acquitted of murder but convicted of rape in 1999 and sentenced to eight and one-half years’ imprisonment. Wilson was released from custody in 2005 after having fully served his sentence, and he returned to his parents’ home in Texas.
*334 Following the convictions, the investigation and prosecution of the Norfolk Four were called into question by new evidence, including allegations of fraud on the part of the lead investigator and a DNA match to another individual who confessed to and was later convicted of the rape and murder of Bosko. We recently set forth the facts relating to the Bosko murder, the investigation, trials, and exculpatory new evidence in detail, affirming the district court’s grant of the habeas petition of Derek Tice, another member of the Norfolk Four. See Tice v. Johnson, 647 F.3d 87 (4th Cir.2011).
In 2004, a year before Wilson was released from prison, he, along with the other three members of the Norfolk Four, petitioned the Governor of Virginia for an absolute pardon on the grounds of innocence, pursuant to Article V, § 12, of the Virginia Constitution and Virginia Code § 53.1-229. Ultimately, in 2009, Virginia Governor Tim Kaine, after reviewing the pardon applications anew, concluded that the Norfolk Four “had raised substantial doubt about the validity of their convictions but had not conclusively established their innocence.” He thus issued conditional pardons to the three members of the Norfolk Four who were still incarcerated, freeing them from prison, but keeping their convictions in place. He denied any relief to Wilson because Wilson had already been released.
Because of his conviction for rape, Wilson was required to and did register with the Virginia State Police as a sex offender, pursuant to Virginia’s Sex Offender and Crimes Against Minors Registry Act, Va. Code § 9.1-900, et seq. As required by that law, he registered before leaving prison. Wilson was also required to reregister for any significant changes in residence, employment, online contact information, or vehicle ownership while a Virginia resident, Va.Code § 9.1-903, and, because his rape conviction was considered a “sexually violent offense,” was required to reregister and confirm all of his identifying information every 90 days, id. § 9.1-904. Upon moving to Texas, Wilson was also required to register there in a manner similar to that required by Virginia. In addition, Wilson has asserted that he cannot, based on other regulations, adopt his stepson or work as an electrician at sites that require clearance, among other things.
Wilson filed this petition for a writ of habeas corpus in March 2010, some five years after his sentence was fully served, alleging that he is actually innocent; that the Commonwealth of Virginia suppressed exculpatory evidence; and that he was the victim of a corrupt investigative process. Naming as the respondent W. Steven Flaherty, the Superintendent of the Virginia Department of State Police, Wilson alleged that he was being unlawfully restrained by the Virginia State Police in its administration of the Virginia Sex Offender and Crimes Against Minors Registry Act because he was unlawfully convicted and subjected to registration requirements. For relief, he requested that his rape conviction be declared null and void; that he be immediately released from his violent sex offender status; and that Virginia expunge any and all records relating to his conviction. Wilson also filed a motion to stay and abey his petition to permit his exhaustion in the Virginia state courts of his corrupt-investigative-process claim.
In response, the Superintendent of the State Police contended that the district court should deny the motion to stay and abey because Wilson was not “in custody for purposes of federal habeas corpus and thus [the district court] lack[ed] jurisdiction to consider his current habeas case.” See 28 U.S.C. § 2254(a); see also Maleng v. Cook, 490 U.S. 488, 490-91, 494, 109 *335 S.Ct. 1923, 104 L.Ed.2d 540 (1989) (per curiam) (holding that a habeas petitioner must be “ ‘in custody’ under the conviction or sentence under attack at the time his petition is filed” and that the failure to establish the in custody requirement deprives a federal habeas court of subject matter jurisdiction).
The district court agreed with the Superintendent and dismissed Wilson’s petition, based on a lack of subject matter jurisdiction. Because Wilson had made a substantial showing of the denial of a constitutional right, however, the court issued a certificate of appealability “as to the specific issue regarding whether Wilson is considered ‘in custody,’ such that the relief afforded by habeas corpus is available to him.” This appeal followed.
II
Recognizing that he filed his petition only after fully serving his sentence, Wilson contends nonetheless that he remains “in custody” of the Virginia State Police because of the “substantial restraints on his liberty” that the State Police are imposing on him by enforcing Virginia’s sex offender registration statute. He does not dispute the proposition that the collateral consequences of a conviction do not generally suffice to find one “in custody” but argues that, as a sex offender, he suffers from far more substantial restraints than the normal consequences of a felony conviction. In addition to the general registration obligations, which he must fulfill in person and which require him to provide a wide “array of physical and other personal identifying information,” he notes that he has to reregister every 90 days because his offense was a “sexually violent offense,” see Va.Code 9.1-904. He also must reregister in person for any changes in residence, employment, vehicle ownership, or online contact information. See id. § 9.1-903. Moreover, before moving from Virginia to Texas, Wilson was required to notify the Virginia State Police, who in turn notified the designated law enforcement agency in Texas. See id. § 9.1-903(D). He asserts that when he moved to Texas, he was and continues to be subject to similar registration requirements. See Tex.Code Crim. Proc. Ann. art. 62.001, et seq. In addition, he claims that under Texas law he must carry a sex offender identification card at all times and renew his driver’s license every year rather than every six years and must do so in person.
Wilson also points to other constraints resulting from his status as a sex offender that are not imposed by the registration statutes. He claims that he is unable to work as an electrician at particular jobs, such as at government buildings, or to enroll in electrician school to advance his career because he cannot pass the required background checks. He claims that he has been unable to adopt his eight-year-old stepson; that, to visit his stepson in school, he must submit to a humiliating background check; that, for an unexplained reason, he was not permitted to travel to Canada for his honeymoon; and that he must notify authorities if he is going to be away from home for more than 24 hours.
Finally, Wilson points out that his failure to comply with the state registration requirements subjects him to criminal penalties, both under state and federal law.
Based on these restraints on his liberty, Wilson contends that he remains “in custody,” thereby satisfying the “in custody” jurisdictional requirement of 28 U.S.C. § 2254 and enabling the federal habeas court to consider his challenges to his rape conviction.
*336 Section 2254 provides that a federal court or judge
shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
28 U.S.C. § 2254(a) (emphasis added). The Supreme Court has construed this provision to be jurisdictional and to require that “the habeas petitioner be ‘in custody’ under the conviction or sentence under attack at the time his petition is filed.” Maleng v. Cook, 490 U.S. 488, 490-91, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989) (emphasis added). Moreover, the Court has held that “in custody” does not refer just to physical confinement but also to parole served as part of a sentence involving physical confinement. See Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963).
In Jones, the Court held that a prisoner who had been released on parole remained “in custody” because “the custody and control of the Parole Board involve[d] significant restraints on petitioner’s liberty,” including confinement “to a particular community, house, and job, at the sufferance of his parole officer,” periodic reporting requirements, and restrictions on certain activities. 371 U.S. at 242, 83 S.Ct. 373. The Court observed that because of these restrictions, the parolee “must live in constant fear that a single deviation, however slight, might be enough to result in his being returned to prison to serve out the very sentence he claims was imposed upon him in violation of the United States Constitution.” Id.; see also Hensley v. Mun. Court, 411 U.S. 345, 351, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973) (holding that a defendant released on his own recognizance before beginning his sentence was “in custody” because he was “subject to restraints not shared by the public generally” in that he had an “obligation to appear at all times and places as ordered by any court or magistrate of competent jurisdiction” and his “freedom of movement rest[ed] in the hands of state judicial officers, who may demand his presence at any time and without a moment’s notice” (internal quotation marks and alterations omitted)).
Despite the limited expansion of the strict historical meaning of “in custody” brought about by Jones and later cases, the Supreme Court later cautioned that it had “never held ... that a habeas petitioner may be ‘in custody’ under a conviction when the sentence imposed for that conviction has fully expired at the time his petition is filed.” Maleng, 490 U.S. at 491, 109 S.Ct. 1923. Maleng recognized that although a petitioner is subject to the “collateral consequences” of a prior conviction, such as a sentencing enhancement in connection with a subsequent offense, he “suffers no present restraint from a conviction” and therefore is not in custody after fully serving his sentence. Id. at 492, 109 S.Ct. 1923. As the Court explained, “once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual ‘in custody’ for the purposes of a habeas attack upon it.” Id. It observed that a contrary ruling “would mean that a petitioner whose sentence has completely expired could nonetheless challenge the conviction for which it was imposed at any time on federal habeas. This would read the ‘in custody’ requirement out of the statute .... ” Id.
In this case, it is undisputed that Wilson fully served his sentence and was unconditionally released from custody in 2005. Thus, there was no term or condition of his *337 sentence that could subject him to reincarceration or impose any other restraint on his liberty. Instead, all of the registration requirements on which Wilson relies to argue that his liberty is being substantially restrained arise from the collateral, independent requirements imposed by the sex offender registration statutes in Virginia and Texas, as well as by the federal statute. While it is true that the triggering fact for these statutes is Wilson’s rape conviction, the registration requirements are not imposed as a sentence for his rape but rather as a collateral consequence of his having been convicted of rape. If we were to find that the requirements of those statutes were not in fact collateral consequences, then we would be holding that any convicted sex offender could challenge his conviction “at any time on federal habeas,” with the consequence that the in-custody jurisdictional requirement of § 2254 would be read out of the statute. Maleng, 490 U.S. at 492, 109 S.Ct. 1923. Maleng unambiguously rules out such a result.[1]
Not only has the Supreme Court never held that a defendant is in custody for habeas purposes when the sentence imposed for the conviction has fully expired at the time his petition is filed, but no court of appeals has so held either.[2] More particularly, every court of appeals to have considered whether the registration requirements imposed on sex offenders place the sex offender in custody for purposes of habeas jurisdiction has concluded that they do not. See, e.g., Virsnieks v. Smith, 521 F.3d 707 (7th Cir.2008); Leslie v. Randle, 296 F.3d 518 (6th Cir.2002); Henry v. Lungren, 164 F.3d 1240 (9th Cir.1999); Williamson v. Gregoire, 151 F.3d 1180 (9th *338 Cir.1998). We will not depart from this unanimous body of law. See Virsnieks, 521 F.3d at 718 (“[G]iven the habeas statute’s ‘in custody’ requirement, courts have rejected uniformly the argument that a challenge to a sentence of registration under a sexual offender statute is cognizable in habeas”).
Our sister circuits have recognized that “[i]n Jones and other cases expanding the definition of custody, the [Supreme] Court emphasized the physical nature of the restraints on liberty that satisfied the custody requirement.” Virsnieks, 521 F.3d at 718. And they have all agreed that sex offender registration requirements, whether they require in-person registration or allow registration by mail or electronic means, do not constitute such physical restraints. See, e.g., Leslie, 296 F.3d at 522 (holding that Ohio’s sex offender registration, requiring in-person registration, did not constitute custody); Henry, 164 F.3d at 1242 (“Registration, even if it must be done in person at the police station, does not constitute the type of severe, immediate restraint on physical liberty necessary to render a petitioner ‘in custody’ for the purposes of federal habeas relief’). The only present physical restraints Wilson complains about in his declaration are the Texas law requirements that he appear in person each year to register as a sex offender and that he appear in person to renew his driver’s license so that he can get a new picture made. He also had to register in person with Virginia authorities upon release and during his residency there. Unlike the physical restraints imposed on the petitioners’ freedom of movement in Jones and Hensley, however, these sex offender registration requirements do not impair Wilson’s “ability to move to a different community or residence” or condition such movements “on approval by a government official.” Leslie, 296 F.3d at 522. Nor do they “prohibid ] [him] from engaging in any legal activities.” Id. Further, the laws do not disincentivize moving by making it more onerous for Wilson to live in other places because the registration and notification requirements are the same whether Wilson moves or remains in his present location at all times. See Williamson, 151 F.3d at 1184 (“Certainly the loss of a driver’s license amounts to a much greater limitation on one’s freedom of movement than does the ... sex offender law, but the former does not satisfy the ‘in custody requirement either”). “In short, the constraints of this law lack the discernible impediment to movement that typically satisfies the ‘in custody’ requirement.” Id.
To be sure, Wilson points to other particular consequences flowing from his conviction. For example, he claims that he cannot adopt his stepson and that he cannot work on certain governmental projects requiring clearance. But these restrictions are simply particularized collateral consequences stemming from the way States and individuals have reacted to persons who have been convicted of sex offenses, just as statutes impose other collateral consequences generally on persons convicted of a felony. See Maleng, 490 U.S. at 492, 109 S.Ct. 1923.
At bottom, we agree with the district court that Wilson has not demonstrated that he is “in custody’ so as to satisfy the jurisdictional requirement for a federal habeas case under 28 U.S.C. § 2254. To rule otherwise would drastically expand the writ of habeas corpus beyond its traditional purview and render § 2254’s “in custody” requirement meaningless. As the First Circuit has eloquently explained:
Adverse occupational and employment consequences are a frequent aftermath of virtually any felony conviction. Gov *339 ernment regulation, in the nature of the imposition of civil disabilities — say, loss of voting rights or disqualification from obtaining a gun permit — often follows a defendant long after his sentence has been served. To hold that the custody requirement is so elastic as to reach such sequellae would be to stretch the concept of custody out of all meaningful proportion, to render it limp and shapeless — in the last analysis, to make habeas corpus routinely available to all who suffer harm emanating from a state conviction, regardless of actual custodial status. We abjure such an expansive rule.
Lefkowitz v. Fair, 816 F.2d 17, 20 (1st Cir.1987).
Ill
Wilson forcefully argues that his petition presents a compelling claim of actual innocence and that a writ of habeas corpus is necessary for him to press his challenge in state courts. But the strength of his claim on the merits cannot confer subject matter jurisdiction on a federal habeas court. See Maleng, 490 U.S. at 494, 109 S.Ct. 1923 (ruling on the “narrow issue” of “ ‘custody’ for subject-matter jurisdiction of the habeas court” and expressing no view on the merits (emphasis added)).
Individuals in Wilson’s position are not, however, without remedies to clear their names. Wilson might be able to invoke the writ of coram nobis in state court, which “affords a remedy to attack a conviction when the petitioner has served his sentence and is no longer in custody.” Estate of McKinney v. United States, 71 F.3d 779, 781 (9th Cir.1995); see also United States v. Sandles, 469 F.3d 508, 517 (6th Cir.2006) (“The proper means of attacking the validity of a sentence which has already been served ... is by writ of error coram nobis” (alterations omitted)). The court in Estate of McKinney explained that coram nobis “provides a remedy for those suffering from the lingering collateral consequences of an unconstitutional or unlawful conviction based on errors of fact and egregious legal errors.” Estate of McKinney, 71 F.3d at 781 (emphasis added) (internal quotation marks omitted).[3]
In making these observations, however, we do not pass on the merits of Wilson’s claim, nor do we suggest the outcome of any further proceeding. We simply and narrowly affirm the district court’s conclusion that Wilson is not “in custody” within the meaning of 28 U.S.C. § 2254(a) and that therefore the district court lacked subject matter jurisdiction to entertain his habeas petition.

AFFIRMED

. The dissent relies on what it terms a “pertinent line of precedents issued after Maleng " to claim that the Supreme Court has suggested that “there are instances in which a fully served sentence may be collaterally challenged” and that, in cases of actual innocence, we should not "elevate procedural requirements over more fundamental concerns.” Post, 341-43. The dissent is unmistakably correct that procedural barriers may be overcome by compelling claims of actual innocence and that prior convictions may, in some circumstances, be collaterally challenged. But the Supreme Court has never suggested that jurisdictional barriers should be ignored based on the merits of the claim, and the cases on which the dissent relies reaffirm Maleng's core holding that a habeas petitioner cannot directly challenge a sentence that he has fully served. In both Daniels v. United States, 532 U.S. 374, 121 S.Ct. 1578, 149 L.Ed.2d 590 (2001), and Lackawanna County District Attorney v. Coss, 532 U.S. 394, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001), the habeas petitioners were in physical custody pursuant to sentences enhanced, based on prior convictions. To find jurisdiction, the Coss Court construed the habeas petition, as did the Maleng Court earlier, as " 'asserting a challenge to the [current] sentence, as enhanced by the allegedly invalid prior conviction.’ ” 532 U.S. at 401-02, 121 S.Ct. 1567 (quoting Maleng, 490 U.S. at 493, 109 S.Ct. 1923 (alterations omitted)). In so doing, it reaffirmed that because "Coss is no longer serving the sentences imposed pursuant to his 1986 convictions ..., [he] therefore cannot bring a federal habeas petition directed solely at those convictions.” Id. at 401, 121 S.Ct. 1567 (emphasis added). Because Wilson, unlike the petitioners in the cases cited by the dissent, cannot mount a direct challenge to any conviction or sentence he is currently serving, these precedents are not “pertinent” as the dissent claims, but are singularly inapplicable.

. The dissent, continuing the error it makes in interpreting Daniels and Coss, ante, 337 n. 1, disputes this statement, citing Zichko v. Idaho, 247 F.3d 1015 (9th Cir.2001). Post, at 341 n. 2. In Zichko, however, the defendant had been arrested and incarcerated for failing to register as a sex offender. See id. at 1019. The Ninth Circuit relied on that present custody, and, in so doing, reaffirmed that "merely being subject to a sex offender registry requirement does not satisfy the 'in custody' requirement after the original rape conviction has expired.” Id. (emphasis added).

. Although the dissent may be correct that Virginia has limited the application of the writ of coram nobis, see post, at 345 n. 4, the writ remains available for “an error of fact not apparent on the record, not attributable to the applicant’s negligence, and which if known by the court would have prevented rendition of the judgment.” Commonwealth v. Morris, 281 Va. 70, 78, 705 S.E.2d 503 (2011) (quoting Dobie v. Commonwealth, 198 Va. 762, 769, 96 S.E.2d 747 (1957)). The dissent goes to great lengths to highlight the exceptional nature of Wilson’s claim, even asking this court to make an exception to a jurisdictional rule in order to entertain the petition. Although we find such an exception unsupportable in light of clear Supreme Court precedent, we surmise that Wilson can undoubtedly rely on these same favorable facts in pursuing other remedies, including coram nobis, within the state judicial and political systems.