# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10870
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 17, 2014

Lyle W. Cayce
Clerk

WILLIAM MARK SULLIVAN,

Petitioner-Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CV-135

Before BENAVIDES, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM:[*]

William Mark Sullivan, formerly Texas prisoner # 1849693, appeals from the order dismissing his habeas corpus application under 28 U.S.C. § 2254. Sullivan challenges one of his two 2000 convictions of aggravated sexual assault, state court case no. 10,805. He discharged that sentence in 2003. He was convicted in 2013 of failure to register as a sex offender. He

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10870

discharged his sentence for failure to register on April 5, 2014, while this appeal was pending.

"This Court must examine the basis of its jurisdiction, on its own motion, if necessary." *Mosley v. Cozby,* 813 F.2d 659, 660 (5th Cir. 1987). "Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477 (1990). Sullivan is no longer incarcerated on either the 2000 sentence or the 2013 sentence. His obligation to register as a sex offender does not render him "in custody" for purposes of a § 2254 challenge. *See Calhoun v. Att'y Gen.,* 745 F.3d 1070, 1074 (10th Cir. 2014); *Wilson v. Flaherty,* 689 F.3d 332, 336-38 (4th Cir. 2012); *Virsnieks v. Smith,* 521 F.3d 707, 717-20 (7th Cir. 2008); *Leslie v. Randle,* 296 F.3d 518, 521-23 (6th Cir. 2002); *Henry v. Lungren,* 164 F.3d 1240, 1242 (9th Cir. 1999); *Willliamson v. Gregoire,* 151 F.3d 1180, 1183-84 (9th Cir. 1998). No case or controversy exists, and the appeal is moot. *See Spencer v. Kemna,* 523 U.S. 1, 7 (1998).

APPEAL DISMISSED.