**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 15-2544

_____

ROBERT EUGENE BONSER,
Appellant

v.

DISTRICT ATTORNEY MONROE COUNTY;
ATTORNEY GENERAL PENNSYLVANIA

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. No. 3-13-cv-01832)
District Judge: Hon. Edwin M. Kosik

_____

Submitted pursuant to Third Circuit LAR 34.1(a)
July 14, 2016

Before: FUENTES, SHWARTZ, and BARRY, Circuit Judges.

(Opinion Filed:  August 15, 2016)

_____

OPINION*

_____

SHWARTZ, Circuit Judge.

Robert Bonser seeks habeas relief pursuant to 28 U.S.C. § 2254 based on his 2006

conviction for unlawful contact with a minor.  As a result of his conviction, he was

_____

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7,
does not constitute binding precedent.

required to register as a sex offender. He asserts that his failure to register led to a conviction and imprisonment in 2013 and that he is now "in custody" because he failed to comply with a condition arising from his 2006 conviction. The District Court correctly concluded that Bonser is not in custody for the 2006 conviction, and appropriately dismissed the habeas petition for lack of jurisdiction.

I

In 2006, Bonser was convicted of unlawful contact with a minor, a first-degree misdemeanor under 18 Pa. Const. Stat. § 6318, in the Pennsylvania Court of Common Pleas. Based on this conduct, the sentencing court determined that Bonser was a sexually violent predator under Pennsylvania's Megan's Law, then codified at 42 Pa. Const. Stat. § 9795.1(b)(3), subjecting him to a lifetime sex offender registration requirement.[1] Bonser was sentenced to an indeterminate prison term of 294 days to two years less one day and, given the time he had already spent in custody, was immediately placed on parole. Bonser violated his parole and was reincarcerated until August 2007. Bonser did not file a direct appeal of his 2006 conviction and unsuccessfully sought post-conviction relief.

---

[1] Even though the sexually violent predator designation was made during Bonser's sentencing, Pennsylvania deems the determination a civil "collateral consequence of a conviction" and hence "not a sentence." Commonwealth v. Whanger, 30 A.3d 1212, 1215 (Pa. Super. Ct. 2011) (citing Commonwealth v. Leidig, 956 A.2d 399, 404-05, 406 (Pa. 2008) (holding that "the registration requirements of Megan's Law are a collateral consequence of conviction")).

In 2013, Bonser was convicted in the Court of Common Pleas for failing to register as a sex offender, in violation of 18 Pa. Const. Stat. § 4915.1. He was sentenced to an indeterminate term of three to six years' imprisonment and is presently incarcerated.

Bonser filed a § 2254 petition challenging his 2006 conviction. Although the 2006 sentence had expired, Bonser contends that the connection between that sentence and his 2013 conviction satisfies the "in custody" jurisdictional requirement of § 2254 to allow him to challenge the 2006 conviction. The District Court dismissed the petition for lack of jurisdiction, holding that the "sex offender registration requirement [imposed following his 2006 conviction], including any penalties resulting from failure to comply with that requirement, are collateral consequences of the underlying expired conviction," and thus Bonser's custodial status as a result of his 2013 conviction was insufficient to satisfy § 2254's "in custody" requirement for him to challenge his 2006 conviction. App. 7. Bonser appeals.

## II[2]

"[C]ustody is the passport to federal habeas corpus jurisdiction." United States ex rel. Dessus v. Pennsylvania, 452 F.2d 557, 560 (3d Cir. 1971). A federal court has jurisdiction to entertain a habeas petition only if the petitioner is "in custody" at the time he files his petition. 28 U.S.C. § 2254(a).[3] "[A] prisoner [need not] be physically

---

[2] The District Court had jurisdiction under 18 U.S.C. § 3231 and 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We review a district court's dismissal of a habeas corpus petition de novo. Eley v. Erickson, 712 F.3d 837, 845 (3d Cir. 2013).

[3] Section 2254 provides that a federal court "shall entertain an application for a writ of habeas corpus [on] behalf of a person in custody pursuant to the judgment of a

confined in order to challenge his sentence [through] habeas corpus." Maleng v. Cook, 490 U.S. 488, 491 (1989). He may be considered "in custody" if he is subject to conditions of his sentence, such as supervised release, parole, or community service, that "significantly restrain [his] liberty." Virsnieks v. Smith, 521 F.3d 707, 717 (7th Cir. 2008) (internal quotation marks and alterations omitted); see also Barry v. Bergen Cty. Prob. Dep't, 128 F.3d 152, 161 (3d Cir. 1997) (community service that requires a defendant to be in a certain place or perform certain activity is a restraint on liberty). The custody requirement "is designed to preserve the writ . . . as a remedy for severe restraints on individual liberty." Hensley v. Mun. Ct., 411 U.S. 345, 351 (1973). Collateral consequences, that is, "those consequences with negligible effects on a petitioner's physical liberty of movement," by definition do not severely restrain individual liberty. Virsnieks, 521 F.3d at 718.

Our sister circuits have uniformly held that sex offender registration requirements are collateral consequences of a conviction. Calhoun v. Att'y Gen. of Colo., 745 F.3d 1070, 1074 (10th Cir. 2014) (Colorado statute); Wilson v. Flaherty, 689 F.3d 332, 338 (4th Cir. 2012) (Virginia and Texas); Leslie v. Randle, 296 F.3d 518, 521-23 (6th Cir. 2002) (Ohio); Virsnieks, 521 F.3d at 720 (Wisconsin); Zichko v. Idaho, 247 F.3d 1015, 1019 (9th Cir. 2001) (Idaho); McNab v. Kok, 170 F.3d 1246, 1247 (9th Cir. 1999) (per curiam) (Oregon); Henry v. Lungren, 164 F.3d 1240, 1241-42 (9th Cir. 1999) (California); Willliamson v. Gregoire, 151 F.3d 1180, 1184 (9th Cir. 1998)

State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

4

(Washington). Unlike parole and supervised release, sex offender registration requirements "do not constitute . . . physical restraints," and thus do not satisfy the custody requirement of § 2254. Wilson, 689 F.3d at 338. As such, challenges to these requirements are not "cognizable in habeas." Virsnieks, 521 F.3d at 718-19 (registration does not restrain "freedom of movement").

Being subject to registration requirements is itself a collateral consequence, and so too are any penalties—including conviction and incarceration—that result from the violation of such requirements. See Maleng, 490 U.S. at 492 (explaining that a petitioner subject to collateral consequences "suffers no present restraint from a conviction" even where that conviction could enhance a subsequence sentence); Virsnieks, 521 F.3d at 720 (holding that "the future threat of incarceration for registrants who fail to comply" is insufficient); Gregoire, 151 F.3d at 1184 (potential incarceration for violating the registration requirement does not "create custody"); Davis v. Nassau Cty., 524 F. Supp. 2d 182, 189 (E.D.N.Y. 2007) (holding that "the fact that these collateral penalties are not merely a possibility, but have actually materialized . . . , does not make them any less collateral and, thus, does not change the 'in custody' analysis"). Bonser's present incarceration is punishment for failing to comply with a collateral consequence of his 2006 conviction. His current custodial status "is not a continuation of the [expired] sex offense sentence . . . , but rather is pursuant to an entirely separate conviction" for failing to register. Davis, 524 F. Supp. 2d at 190 (citing Maleng, 490 U.S. at 491). In other words, because Bonser's 2006 conviction had "fully expired . . . [w]hen the [2013] sentence [was] imposed, it is pursuant to [that] conviction[,] [not the 2006 conviction,]

5

that [he] is incarcerated and is therefore 'in custody.'" Maleng, 490 U.S. at 492-93.

Bonser thus does not satisfy the "in custody" requirement and cannot obtain review of his prior conviction.[4]

Moreover, concluding that a conviction for violating registration requirements is not a collateral consequence "would read the 'in custody' requirement out of the statute" and reward law-breakers, because sex offenders who fail to register would have an additional opportunity to challenge their underlying convictions—no matter how old—

_____

[4] Only the Court of Appeals for the Ninth Circuit has accepted the view that a petitioner is "in custody," "for the purpose[] of challenging an earlier, expired rape conviction, when he is incarcerated for failing to comply with a state sex offender registration law because the earlier rape conviction 'is a necessary predicate' for the failure to register charge." Zichko, 247 F.3d at 1019 (quotation marks omitted). This holding contravenes the well-established principle that registration requirements are collateral consequences and thus do not create custody. That court also seems to have misinterpreted Maleng and Lackawanna County District Attorney v. Coss, 532 U.S. 394 (2001), when it stated that the Supreme Court found jurisdiction because the petitioner "alleged that the earlier, unconstitutional conviction had enhanced his later sentence." Id. at 1020. In fact, the Supreme Court used the fact that each petitioner's earlier conviction had enhanced his later sentence not to create custody, but to justify a liberal construction of the petition before it as challenging the later sentence they had not yet begun to serve, which did satisfy the jurisdiction requirement. Maleng, 490 U.S. at 493-94; Coss, 532 U.S. at 401-02. While Maleng cautioned that it "express[ed] no view on the extent to which the [expired] conviction itself may be subject to challenge in the attack upon the [newer] sentences which it was used to enhance," 490 U.S. at 494, Coss held that even where a petitioner satisfies the custody requirement through a § 2254 petition challenging the current sentence as enhanced by the prior conviction, he "may not collaterally attack his prior conviction" in a challenge to the current sentence. 532 U.S. at 402.

No courts outside of the Ninth Circuit have followed Zichko; two federal district courts have explicitly rejected it. See Davis, 524 F. Supp. 2d at 190 (rejecting Zichko because Supreme Court precedent focuses on whether a prior conviction has fully expired, not on the type of collateral consequence); Daniels v. Jones, No. 10-cv-00763, 2010 WL 3629835, at *5 (D. Colo. Sept. 9, 2010) (following Davis and holding that petitioner serving a sentence for failing to register as a sex offender was not "in custody" pursuant to prior, expired conviction because such penalty was a collateral consequence).

6

while individuals who abide by registration requirements would forgo such an opportunity. Id. at 492; see Wilson, 689 F.3d at 341 & n.2 (Wynn, J., dissenting) (describing as "untenable" the "conclusion that [a petitioner] could meet the custody requirements for filing his § 2254 petition by intentionally violating his sex offender registration requirements and causing his own arrest"); Davis, 524 F. Supp. 2d at 190 (explaining that reading "in custody" broadly would mean that "any time an individual suffered some collateral penalty due to his status as a sex offender . . . he could resurrect a habeas challenge to the underlying predicate conviction"). Furthermore, allowing a petitioner in custody for a later conviction to challenge an earlier, expired conviction would countenance "end run[s] around statutes of limitations and other procedural barriers that would preclude the movant from attacking the prior conviction directly." Daniels v. United States, 532 U.S. 374, 383 (2001) (precluding collateral attack via 28 U.S.C. § 2255 of a prior conviction used to enhance a federal sentence).

In short, the registration requirement and resulting incarceration for noncompliance are collateral consequences of Bonser's expired 2006 conviction and they do not render him in "custody" on that conviction. Thus, the District Court correctly dismissed Bonser's § 2254 habeas petition challenging his 2006 conviction.[5]

---

[5] Even if we had jurisdiction, Coss would foreclose our review of the merits of Bonser's petition due to finality and administrability concerns. "[O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid." Coss, 532 U.S. at 403 (citing Daniels, 532 U.S. at 374). The Supreme Court "grounded" this holding in "the need for finality of convictions and ease of administration," id. at 402, the states' "strong interest in preserving the integrity of the[ir] judgment[s]," and the

# III

For the foregoing reasons, we will affirm the District Court's order dismissing

Bonser's petition for lack of jurisdiction.

---

interests of "[o]ther jurisdictions" in finality, "as they may then use that conviction for their own recidivist sentencing purposes." Id. at 403. Moreover, as a practical matter, state courts do not keep trial records indefinitely, and federal courts would therefore lack access to trial records to address old and expired convictions. See id. Finally, as stated herein, allowing attacks on these prior convictions would be an end run around statutes of limitations governing challenges to them. Daniels, 532 U.S. at 383. Habeas review is "not available indefinitely and without limitation," id. at 381, and once a defendant either unsuccessfully seeks review or chooses not to seek review within the authorized limitations period, "the defendant's conviction becomes final." Coss, 532 U.S. at 403. Under Coss, Bonser's 2006 conviction is "conclusively valid," 532 U.S. at 403, as he did not file a direct appeal and unsuccessfully sought post-conviction relief, and interests in finality would also bar him from now challenging that conviction's constitutionality through a § 2254 habeas petition.